UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LAUREN E. SUMMA, on behalf of herself
individually, and on behalf of all similarly
situated employees,

                                  Plaintiff,               **COMPLAINT**

v.                                                     **JURY TRIAL DEMAND**

HOFSTRA UNIVERSITY

                                  Defendant.

------------------------------------------------------------X

        Plaintiff Lauren E. Summa, by her attorneys, Thompson Wigdor & Gilly LLP, as and for her Complaint against Hofstra University ("Defendant" or "the University"), on behalf of herself individually and on behalf of similarly situated employees, alleges as follows:

## NATURE OF THE ACTION

        1.    This is a civil action for all under compensated regular and overtime wages, suffered or permitted by Defendant, for liquidated damages under Federal law, for attorneys' fees and costs and for any other available remedies for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § § 201 et seq. ("FLSA").

        2.    The FLSA action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Ms. Summa and all other persons who are or have been employed by Defendant as "Undergraduate or Graduate Assistant" category employees and who were not paid the prevailing minimum wage or overtime compensation for the period of 6 years prior to the date of the filing of this Complaint and the date of the final disposition of this action

(the "Federal Class Period"). Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Federal Class" or "the members of the Federal Class."

3. The members of the Federal Class are similarly situated because they all perform or performed the same basic duties and assignments and are or were all subject to Defendant's common policy and practice of classifying Undergraduate and Graduate Assistants as exempt or otherwise excluded from the provisions of the FLSA.

4. Defendant has willfully violated the FLSA during the Federal Class Period by failing to pay Plaintiff and all other members of the Class the prevailing minimum wage as well as one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per week. Pursuant to Defendant's unlawful policies and practices, the Class has been improperly classified as exempt from the provisions of the FLSA and/or improperly denied both regular wages and overtime to which they are entitled. The Federal Class is entitled to recovery for all uncompensated regular and overtime wages earned during the Federal Class Period, as well as an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b).

5. Furthermore, Plaintiff also asserts claims herein, on behalf of Ms. Summa and all other persons who are or have been employed by Defendant as "Undergraduate and Graduate Assistant" category employees and who were not paid the prevailing minimum wage or overtime compensation for the period of six years prior to the date of the filing of this Complaint and the date of the final disposition of this action (the "New York Class Period"), under the New York Labor Law § 663 ("NYLL") as well as 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2.

6. The New York action is brought as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of Ms. Summa and all other persons who are or have been employed by Defendant as "Undergraduate and Graduate Assistant" category employees and who were not paid the prevailing minimum wage or overtime compensation for the period of 6 years prior to the date of the filing of this Complaint and the date of the final disposition of this action.

7. Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the New York Class" or "the members of the New York Class."

8. As an employee of the defendants, Plaintiff is asserting claims that are typical of the claims of the New York Class. Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Additionally, because of the size of the claims of individual members of the New York Class, few, in any, members could afford to seek legal redress for the wrongs complained of herein. Absent a class action, members of the New York Class likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of the NYLL.

9. Members of the Federal Class were not provided with notice of their rights as is required by the FLSA, 29 C.F.R. § 516.4, due to the Defendant's failure to post such notice. As a result, the 3 year statute of limitations is equitably tolled and the Federal Class extends to the 6 year statute of limitations period applicable to the New York Labor Law Claims.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the Plaintiffs' claims under New York law, pursuant to 29 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Eastern District of New York and because Defendant regularly transacts business in this district, such that it is subject to personal jurisdiction in this district.

## PARTIES

12. Plaintiff Lauren E. Summa resides in Nassau County, in the State of New York and is a former Undergraduate Assistant Football Team Manager employed under Defendant. At all relevant times, Ms. Summa worked for Defendant on the campus of Hofstra University and at various other campuses during away football games.

13. As evidenced by Exhibit A, Ms. Summa hereby consents to sue under the FLSA, pursuant to 29 U.S.C. § 216 (b).

14. The members of both the Federal and New York Classes are all other persons who are or have been employed by Defendant in New York as Undergraduate or Graduate Assistants, or an equivalent position.

15. Defendant Hofstra University is a private, nonsectarian, coeducational university that employs students in various school departments. During the Class Period,

4

Defendant Hofstra University has maintained a place of business at Hempstead, NY 11549-1000 as well as other locations within Nassau County and the United States where University business is conducted.

## FACTUAL ALLEGATIONS

16. During the time covering both the Federal and the New York Class Periods, Ms. Summa maintained numerous Undergraduate and Graduate Assistant positions including Football Team Manager, Resident Safety Representative, and Research Assistant all under the employment of Defendant Hofstra University. As Football Team Manager in 2006, the position which gives rise to the allegations, Ms. Summa was paid a meager $700 stipend grossly disproportionate to the work she completed during three months of demanding work weeks. Ms. Summa was working at least 40 hours a week in her job as a Football Team Manager while simultaneously working similar hours in other campus jobs. Due to her accumulation of hours worked in other University jobs during the same time period, Ms. Summa was entitled to and did not receive overtime wages for hours worked at the University beyond 40 hours a week.

17. Ms. Summa's primary responsibility was to assist the football coaches before, during and after practices during August double sessions and on game day throughout the season. This required, among other tasks, setting up and clearing the field prior to practice and games, calling off each period during practice, and recording information for coaches during practice and games. Aside from these main responsibilities, Ms. Summa also performed an array of time consuming weekend game related responsibilities ranging from handing out food to unloading the team bus at midnight after returning from an away game.

At all times, Ms. Summa acted in accordance with the University's policies and practices and at the direction of the coaches for whom she worked.

18. Specifically, in her position as Football Team Manager, Plaintiff was responsible for organizing practice by retrieving equipment from the athletic department before practice, setting up the field with cones and bags, timing and announcing the period changes, and putting away the equipment following practice. Practice was held three days a week for 3 hours, not including the half hour needed before and after practice to prepare and clear the field. During the season, a fourth walk through practice was held on Fridays. During double sessions in August, the same responsibilities were repeated during a second practice and two-a-days were held 7 days a week.

19. Plaintiff was also responsible for assisting with time consuming game weekend responsibilities which usually lasted from 9:00 AM on Friday to Midnight on Saturday. Plaintiff would set up the field for Friday walk through practice at 8:30 AM for a 9:00 AM practice. Plaintiff would time and announce the period changes, and put away the equipment following practice.

20. Travel was essential for Plaintiff to perform her duties. Most weekends, the team traveled to other schools for away games on Friday after the walk through practice. If this were the case, Plaintiff would wait for bagged lunch delivery and hand out the lunches to players as they boarded the bus. After the lunches were distributed, Plaintiff would assist the athletic managers in loading the bus with the player's equipment bags. In 2006, the University's schedule included 7 away games, many at out of state schools, and Plaintiff would either ride on the bus or, on 2 occasions, the plane, with the team. These trips could

6

be lengthy, including the College of William and Mary game in Virginia, which required over 6 hours of travel.

21. Upon arriving at the destination, Plaintiff and the equipment managers would visit the locker room to assess the available space and plan how to set up for the game. Plaintiff would eat dinner with the team at the hotel and, starting at 9:00 PM, hand out late night snacks to players as they filtered back from final pre-game meetings. If players did not pick up their snacks, Plaintiff would personally deliver them to the player's room, usually completing the food distribution around 11:00 PM.

22. On the morning of games, Plaintiff would arrive at the locker room by 7:00 AM. Plaintiff would unload the player's equipment from the equipment truck and begin setting up the locker room for the player's arrival. Plaintiff would open the bags, remove the equipment and clothing, and hang it in the locker. Plaintiff would repeat this task for the 50-75 players on the traveling team for the game. When the players arrived, Plaintiff would take footballs down to the field to be used during pre-game warm-up. While the team was warming up prior to the game, Plaintiff would retrieve footballs during the punter's warm up routine. During the game, Plaintiff would assist coaches on the sidelines by recording substitutions, keeping track of dry erase boards and markers, and assisting with water for the players. After the game, Plaintiff would help clear the field and load the equipment on the bus.

23. After away games, Plaintiff would hand out bagged lunches to the players as they were getting on the bus after the game. Plaintiff would board the bus, continuing to hand out bagged lunches on the bus to players who arrived late. For most away trips, the bus would return to the campus around midnight. Plaintiff would unload the equipment bags

from the bus and bring them back to the locker room, sometimes ending her game day responsibilities after 1:00 AM.

24. At no time during her employment was Ms. Summa told that she was considered by Defendant to be exempt from the FLSA's minimum wage and overtime provisions. In fact, during the Federal and New York Class Periods, Plaintiff was not exempt from the overtime and minimum wage provisions of the FLSA and NYLL; yet Defendant failed to pay her the required compensation.

25. During the Federal and New York Class Periods, Plaintiff regularly worked for the University in excess of 40 hours per week between her multiple on campus jobs.

26. Plaintiff did not supervise or regularly direct two or more persons, and she had no management or administrative responsibilities, as she was responsible only for her own work.

27. Plaintiff's duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction or study.

28. Plaintiff's primary duties did not consist of performance of either office or managerial work directly related to Defendant's management policies or general business operations.

29. According to Defendant's policies and practices, Plaintiff was an employee without discretion or independent judgment over how to carry out her duties for Defendant.

Football managers were expected to follow Defendant's practices and the instructions of the coaches in performing their functions.

30. The routine work that Plaintiff performed did not fall within any of the exempt employee classifications under the FLSA.

31. During the Federal and New York Class Periods, Defendant improperly classified Ms. Summa and the members of both classes as exempt or otherwise improperly excluded her from the requirements of these laws, failed to pay Plaintiff the prevailing minimum wage, and failed to compensate her one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in any work week, in violation of the FLSA and NYLL.

32. Defendant's violations were willful, repeated, knowing and intentional and significantly damaged Plaintiff.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

33. The basic job duties and assignments of the members of the Class have been and continue to be essentially the same as those of Plaintiff described above. At all times during the Federal and New York Class Periods, all of the members of the Class have been or continue to be employed in the same job category as Plaintiff and were or are paid in the same manner and under the same common policies and practices as Plaintiff.

34. The members of the Federal and New York Classes, like Plaintiff, all have been and continue to be subject to the same unlawful policy and practice of improperly

classifying them as exempt from the provisions of the FLSA and NYLL and/or improperly failing to pay them overtime to which they are entitled.

35. Following her employment as Football Manager, Plaintiff inquired with the Human Resources Department at Hofstra University as to why she was paid neither the minimum wage nor overtime for hours worked beyond forty hours. Plaintiff was informed by the Human Resources Department that the University was exempt from paying student employees the minimum wage due to their status as a nonprofit institution, an assertion that has no basis in the law. Plaintiff was also told that the terms of her stipend did not allow for overtime compensation.

36. Many other current and former Undergraduate and Graduate Assistants have not been compensated pursuant to the minimum wage and overtime requirements of Federal and State law. Many Undergraduate and Graduate Assistants routinely work over 40 hours a week without receiving overtime compensation, especially Student Safety Representatives who sometimes work 10 or 15 hour shifts.

37. Hofstra University maintains an explicit policy of limiting student employment to 25 hours a week and allows for overtime compensation only when authorized by a supervisor. Current and former students have complained to Plaintiff about working well over 25 hours per week at the direction of a supervisor without receiving any additional compensation for those hours worked.

38. Current and former students have complained to Plaintiff about the common practice of failing to take into consideration multiple on-campus jobs in determining overtime compensation. In a common scenario, Undergraduate and Graduate Assistants

work two on campus jobs at 25 hours each per week for a total of 50 hours without receiving any overtime compensation for the 10 hours worked beyond 40 hours.

39. Upon information and belief, Defendant maintained a common plan and policy of non-enforcement of Federal and State minimum wage and overtime compensation requirements.

40. At all times during the Federal and New York Class Periods, Defendant was and continues to be fully aware of the duties performed by Plaintiff and all other similarly situated Undergraduate and Graduate Assistants or equivalent employees employed by Defendant and that these duties are inconsistent with exempt status. Defendant also was and continues to be fully aware that Plaintiff and the members of both Classes are not exempt from the minimum wage and overtime provisions of the FLSA and the NYLL.

41. By its conduct, as set forth herein, Defendant violated 29 U.S.C. § 206(a)(1) and 29 U.S.C. § 207(a)(1) by failing to pay its Undergraduate or Graduate Assistants or equivalent employees the minimum wage and/or one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

42. Defendant's violations of 29 U.S.C. § 206(a)(1) and 29 U.S.C. § 207(a)(1) were willful, repeated, knowing and intentional, and significantly damaged Plaintiff and the members of the Federal Class.

43. Pursuant to 29 U.S.C. § 206(a)(1), 29 U.S.C. § 207(a)(1) and § 216(b), Defendant is liable to Plaintiff and the members of the Federal Class for the full amount of

all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of Plaintiff and the members of the Federal Class.

44. An action under 29 U.S.C. § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Federal Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such members of the Federal Class individually to redress the wrongs done to them. Further, because of the similarity of the Federal Class members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

45. Plaintiff is currently unaware of the identities of all of the members of the Class. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant as a Graduate or Undergraduate Assistant or equivalent position during the Federal Class Periods, stating their last known addresses, telephone numbers and Social Security numbers, so that Plaintiff can give such members of the Federal Class notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

46. By its conduct, as set forth herein, Defendant also violated New York statutes 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 by failing to pay the minimum wage and overtime in the manner previously described. While no showing of numerosity, typicality, commonality and representativeness need be made to certify a collective action under the FLSA, Rule 23 of the Federal Rules of Civil Procedure does require such a showing to certify a class action. While the exact number of members of the New York

Class is unknown to Plaintiff at the present time, Plaintiff asserts upon information and belief that the number of similarly situated persons who are or have been employed by Defendant as Undergraduate or Graduate Assistants or equivalent positions in the period 6 years prior to the filing of this Complaint will be so numerous that joinder of all members is impracticable. Currently, there are 26 postings for open Undergraduate and Graduate Assistant positions on the University's website, many of them explicitly offering wages under the current minimum wage. The enrollment of the University, including both undergraduate and graduate classes, is approximately 12,700 students. If even a small percentage of students were employed during the New York Class Period as an Undergraduate or Graduate Assistants and denied minimum wage or overtime compensation, the size of the class is still likely to be in the hundreds. Thus, a class action is the most efficient mechanism for resolution of the claims of the New York Class.

47.     Maintenance of a class action promotes judicial economy by consolidating a large Class of Plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act: Minimum wage)

48.  Plaintiff, on behalf of herself and all members of the Federal Class, hereby realleges and incorporates by reference paragraphs 1 through 47 as though they were set forth herein.

49.  At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. §203.

50.  At all relevant times, Plaintiff and all members of the Federal Class were and continued to be employed by Defendant as an "employee," within the meaning of the FLSA, 29 U.S.C. §203.

51.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). See Exhibit A.

52.  Under 29 U.S.C. § 206(a)(1), the FLSA requires covered employers, such as Defendant, to compensate all nonexempt employees at the prevailing minimum wage.

53.  Plaintiff and the members of the Federal Class were not exempt from the requirement that their employer pay them the prevailing minimum wage under the FLSA, and they are entitled to be paid compensation by Defendant for all unpaid regular wages earned during the Federal Class Period.

54.  At all times during the Federal Class Period, Defendant has had and continues to have a policy and practice of improperly classifying Plaintiff and the members of the Federal Class as exempt from the provisions of the FLSA, or otherwise failing or refusing to pay them the minimum wages.

55. As a result of Defendant's failure to compensate Plaintiff and the members of the Federal Class at the minimum wage, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 206(a)(1). Defendant's violations of the FLSA have significantly damaged Plaintiff and the members of the Federal Class.

56. The foregoing conduct of Defendant, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. §255(a), and Defendant is liable pursuant to 29 U.S.C. § 216(b) for the amount of unpaid wages an amount equal to the underpayment in liquidated damages.

## SECOND CLAIM FOR RELIEF

**(Violation of the Fair Labor Standards Act: Overtime wages)**

57. Plaintiff, on behalf of herself and all members of the Federal Class, hereby realleges and incorporates by reference paragraphs 1 through 54 as though they were set forth herein.

58. At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. §203.

59. At all relevant times, Plaintiff and all members of the Federal Class were and continued to be employed by Defendant as an "employee," within the meaning of the FLSA, 29 U.S.C. §203.

60. Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). See Exhibit A.

61. The FLSA requires covered employers, such as Defendant, to compensate all nonexempt employees at a rate not less than one and one-half times the regular rates of pay for all work performed in excess of 40 hours in a workweek.

62. Plaintiff and the members of the Federal Class were not exempt from the requirement that their employer pay them not less than one and one-half times the regular rates of pay for all work performed in excess of 40 hours in a workweek under the FLSA, and they are entitled to be paid compensation by Defendant for all unpaid overtime wages earned during the Federal Class Period.

63. At all times during the Federal Class Period, Defendant has had and continues to have a policy and practice of improperly classifying Plaintiff and the members of the Federal Class as exempt from the provisions of the FLSA, and of failing or refusing to pay them at a rate not less than one and one-half times the regular rates of pay for all work performed in excess of 40 hours in a workweek.

64. As a result of Defendant's failure to compensate Plaintiff and the members of the Federal Class overtime wages, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 207(a)(1). Defendant's violations of the FLSA have significantly damaged Plaintiff and the members of the Federal Class.

65. The foregoing conduct of Defendant, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. §255(a), and Defendant is liable pursuant to 29 U.S.C. § 216(b) for the amount of unpaid overtime wages and an amount equal to the underpayment in liquidated damages.

## THIRD CLAIM FOR RELIEF

### (Violation of the New York Labor Law: Minimum Wage)

66. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 65 as though they were set forth herein.

67. Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee the prevailing minimum wage of the State of New York or, if greater, such other wage as established by the FLSA. 12 N.Y.C.R.R. §142-2.1.

68. Pursuant to NYLL § 663, an employer who fails to pay such required wages shall be liable for the amount of any underpayments, attorney's fees and costs.

69. As a result of Defendant's failure to compensate Plaintiff and the members of the New York Class at the minimum wage, Defendant has violated and continues to violate 12 N.Y.C.R.R. § 142-2.1. Defendant's violations of New York law have significantly damaged Plaintiff and the members of the New York class, entitling them to recover the total amount of unpaid wages.

## FOURTH CLAIM FOR RELIEF

### (Violation of the New York Labor Law: Overtime Wages)

70. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 69 as though they were set forth herein.

71. Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. §142-2.2.

72. Pursuant to NYLL § 663, an employer who fails to pay overtime shall be liable for the amount of any underpayments, attorney's fees and costs.

73. As a result of Defendant's failure to compensate Plaintiff at a rate not less than one and one-half times her regular rates of pay for all work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate 12 N.Y.C.R.R. § 142-2.2. Defendant's violations of New York law have significantly damaged Plaintiff and the members of the New York Class, entitling them to recover the total amount of unpaid overtime compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of both Classes, respectfully requests that the Court:

A. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C.§ 216(b), and direct Defendant to provide Plaintiff with a list of all persons employed by Defendant as Undergraduate or Graduate Assistants or equivalent employees during the Federal Class Period, including the last known address, telephone number, email address and Social Security number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiff and the members of the Federal Class as a result of Defendant's violations of 29 U.S.C. § 206(a)(1) and 29 U.S.C. § 207(a)(1), and award those damages against Defendant and in favor of Plaintiff and all members of the Federal Class, plus such pre-judgment interest as may be allowed by law;

C. Award Plaintiff and the members of the Federal Class an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendant's minimum wage and overtime violations were willful;

D. Determine the damages sustained by Plaintiff and the members of the New York Class as a result of Defendant's violations of 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2, and award those damages against Defendant and in favor of Plaintiff and the New York Class, plus such pre-judgment interest as may be allowed by law;

E. Award Plaintiff and the members of the Classes their reasonable attorneys' fees and costs and disbursements in this action, including but to limited to any accountants' or experts' fees; and

F. Grant Plaintiff and the members of each Class such other and further relief as the Court may deem just and proper.

G. As to the New York Class, no penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

Dated: New York, New York
August 7, 2007

THOMPSON WIGDOR & GILLY LLP

By: _____
Douglas H. Wigdor (DW-9737)
Christopher Q. Davis (CD-7282)

350 Fifth Avenue, Suite 5720
New York, New York 10118
Telephone: (212) 239-9292
Facsimile: (212) 239-9001

*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

LAUREN SUMMA, on behalf of herself
individually, and on behalf of all similarly
situated employees,

                              Plaintiff,

         v.

HOFSTRA UNIVERSITY

                              Defendant.

-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 0 9 2007   ★

BROOKLYN OFFICE

NOTICE OF CONSENT

Case No. CV-07 3307

HURLEY, J.
LINDSAY, M.J.

      I hereby consent to join as a party plaintiff in the above-named case seeking damages and other relief that may be appropriate against Hofstra University for its alleged violations of the Fair Labor Standards Act.

      I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:      Lauren E. Summa

Address:    P.O. Box 2132
               Hampstead, NY 11551

Telephone: (412) 720-8752

Signature:  *Lauren Summa*

Date:       6 August, 2007