**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

October 2, 2007

<u>By E-Filing</u>

Hon. Denis R. Hurley
United States District Judge
Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Re:   <u>Summa v. Hofstra University - 07 cv 3307 (DRH)</u>

Dear Judge Hurley:

We represent Hofstra University ("Hofstra") in the above referenced case. We respectfully request a conference to discuss Defendant's anticipated motion to dismiss.

In her Complaint, Plaintiff Lauren Summa ("Summa" or "Plainitff") alleges, on behalf of herself and a putative class of students who have performed services as undergraduate or graduate assistants, that Hofstra violated: (1) the federal Fair Labor Standards Act, 29 U.S.C. § 216(b) (Counts I and II); and (2) the New York Labor Law Section 663, 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 ("NYCRR") (Counts III and IV), by failing to pay her and other students the prevailing minimum wage and overtime pay under those statutes.

## Undisputed Facts

Plaintiff's claims arise out of her position as an Assistant Football Team Manager. Plaintiff was enrolled at Hofstra as an undergraduate student from the Fall 2003 semester through the Spring 2006 semester. In the Fall 2006 semester, Plaintiff was enrolled at Hofstra as a graduate student in the School of Communications. Hofstra obtained its provisional charter from the University of the State of New York, Educational

PROSKAUER ROSE LLP

Hon. Denis R. Hurley
October 2, 2007
Page 2

Department in 1937 and was originally named Hofstra College. In 1963, the school changed its name to Hofstra University. Hofstra is a not-for-profit institution.

**There is No Basis for Summa's Claims Under the New York Labor Law**

Summa's claims under the New York Labor Law (Counts III and IV) are subject to summary dismissal since Plaintiff, as a student performing services for a not-for-profit institution, was not an "employee" pursuant to the applicable provisions of the New York Labor Law and thus, not subject to the New York Labor Law minimum wage and overtime provisions. The New York Code, Rules and Regulations 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 applies to all employees *except* employees employed by a not-for-profit institution. *See* 12 N.Y.C.R.R. § 142-2. Not-for-profit institutions are subject, instead, to 12 N.Y.C.R.R. § 142-3 et seq.

Hofstra is a not-for-profit institution, and as such, the New York Labor Law provides Hofstra with an exemption from the New York minimum wage and overtime provisions for work performed by students. The New York Code, Rules and Regulations, 12 N.Y.C.R.R. § 142-3.12 provides that an "employee" shall *not* include a student working in or for a not-for-profit institution. Specifically, 12 N.Y.C.R.R. § 142-3.12(c)(11) provides that "[t]he term student means an individual who is enrolled in and regularly attends during the daytime a course of instruction leading to a degree, certificate or diploma, offered at an institution of learning, or who is completing residence requirements for a degree. A person is deemed to be a student during the time that school is not in session if such person was a student during the preceding semester." *See* 12 N.Y.C.R.R. § 142-3.12(c)(11).

At the time Plaintiff was an Assistant Football Team Manager, she was a matriculated graduate student in Hofstra's Graduate School of Communications. Therefore, Plaintiff, during the Fall 2006 football season when she held the Assistant Football Team Manager job, was a graduate student "completing residence requirements for a degree." *See* 12 N.Y.C.R.R. § 142-3.12(c)(11).

For these reasons, we believe that Counts III and IV of Plaintiff's Complaint are not viable under applicable law and subject to summary dismissal. We respectfully request an in-person pre-motion conference with the Court.

PROSKAUER ROSE LLP

Hon. Denis R. Hurley
October 2, 2007
Page 3

Respectfully submitted,

*Elise M. Bloom*

Elise M. Bloom


cc:    Douglas H. Wigdor, Esq. (By UPS Overnight)