PROSKAUER ROSE LLP
Elise M. Bloom (EB-7932)
Brian J. Gershengorn (BG-7544)
1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------ x
LAUREN E. SUMMA, on behalf of herself  :
individually, and on behalf of all similarly  :  Case No.: 07-CV-3307
situated employees,  :  (DRH)(ARL)
  :
           Plaintiff,  :
  :  **ECF Case**
   against  :
  :
HOFSTRA UNIVERSITY,  :
  :
           Defendant.  :
------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS COUNTS
THREE AND FOUR OF PLAINTIFF'S COMPLAINT**

## PRELIMINARY STATEMENT

On or about August 9, 2007 Plaintiff Lauren E. Summa ("Plaintiff" or "Summa") commenced this action against Hofstra University ("Defendant" or "Hofstra"), where she currently is a graduate student in the School of Communications.[1] In her Complaint, Plaintiff alleges, on behalf of herself and a putative class of students who have performed services as undergraduate or graduate assistants, that Hofstra violated: (1) the federal Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") (Counts I and II); and (2) the New York Labor Law Section 663, 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 ("NYCRR" or "New York Labor Law") (Counts III and IV), by failing to pay her and other students the prevailing minimum wage and overtime pay under those statutes.[2] Hofstra now moves to dismiss Plaintiff's state law claims set forth in Counts III and IV of the Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), because those claims are not actionable as a matter of law.[3] Specifically, the New York

---

[1] On September 4, 2007, three consent forms to opt-in to Plaintiff's FLSA claims were filed by Emily DeGaglia, Lynn Sumner and Dawn Sumner. All three of these individuals allege to have held the Assistant Football Team Manager position like Plaintiff. (See Exhibit A.) All three were students when they held the Assistant Football Team Manager position. (Declaration of Julie Block [hereafter "Block Decl."], ¶ 4.) To the extent this Court dismisses Plaintiff's state law claims, those claims also should be dismissed as to all putative class members.

[2] In 2006, the Federal minimum hourly wage was $5.15 and the New York minimum hourly wage was $6.75.

[3] Pursuant to Federal Rule of Civil Procedure 12(b), Hofstra files this motion to dismiss in lieu of an answer and reserves its right to file an answer to the Complaint after the Court's disposition of this motion. Further, Hofstra's filing of this motion does not constitute a waiver of any defenses that Hofstra may have but does not raise in this motion; Hofstra expressly reserves its right to raise any of its defenses not raised in this motion in the subsequent filings.

Labor Law exempts students, like Plaintiff and the class she seeks to represent, from its minimum wage and overtime requirements when performing services for a not-for-profit institution like Hofstra.

## STATEMENT OF FACTS

Plaintiff's claims arise out of her position as the Assistant Football Team Manager in 2006 at Hofstra. (Complaint [hereinafter "Compl."] ¶ 16.) (A copy of the Complaint is annexed to this Memorandum of Law as Exhibit B.) Plaintiff was enrolled at Hofstra as an undergraduate student from the Fall 2003 semester through the Spring 2006 semester. In the Fall 2006 semester, Plaintiff was enrolled at Hofstra as a graduate student in the School of Communications.[4] (Block Decl., ¶ 6.) As an Assistant Football Team Manager, Plaintiff was given a $700 stipend. (Compl. ¶ 16.) Plaintiff's primary duties as

---

[4] Plaintiff incorrectly classified herself as an undergraduate Assistant Football Team Manager in the Complaint. (Compl. ¶ 12.) In fact, Plaintiff was enrolled as a graduate student at Hofstra during the Fall 2006 semester. A true and accurate copy of Plaintiff's academic transcript is attached to the Block Decl. as Exhibit B.

On a motion to dismiss, the court may consider, "any written instrument attached to [the Complaint] as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) *see also, Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001). Types of documents that a court may consider when deciding a 12(b)(6) motion include documents or information contained in a defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint or facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *See Roth ex rel. Beacon Power Corp. v. Perseus, L.L.C.*, 05 civ. 10466, 2006 U.S. Dist. LEXIS 52321 *18 (S.D.N.Y. July 31, 2006) *citing In re Van der Moolen Holding N.V. Sec. Litig.*, 405 F. Supp. 2d 388, 396 (S.D.N.Y. 2005). *See also, Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Hofstra's not-for-profit status, Hofstra's graduate school residency requirements, Plaintiff's status as a student, and the student status of the other opt-ins during the time frame alleged in the Complaint are properly before the court on Defendant's motion.

an Assistant Football Team Manager consisted of assisting the football coaches before, during and after practices. (Compl.¶ 17.)

Hofstra obtained its provisional charter from the University of the State of New York, Educational Department in 1937 and was originally named Hofstra College. In 1963, the school changed its name to Hofstra University. Hofstra has been a not-for-profit institution since 1937. (Block Decl., ¶ 7.)

## ARGUMENT AND CITATION OF AUTHORITIES

### COUNTS III & IV OF THE COMPLAINT FAIL TO STATE A VIABLE CAUSE OF ACTION UNDER THE NEW YORK LABOR LAW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if, Plaintiff fails to provide the grounds upon which her claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Dorcely v. Wyandanch Union Free Sch. Dist.*, 06-CV-1265 (DRH) (AKT), 2007 U.S. Dist LEXIS 71068, *8 (E.D.N.Y. Sept. 25, 2007). In reviewing a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994).

In her Complaint, Plaintiff alleges, *inter alia*, that Hofstra violated New York Code, Rules and Regulations, 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2[5] by

---

[5] The New York State Wage and Hour laws are enforced by the New York Department of Labor Division of Labor Standards. The New York Code, Rules and Regulations, are promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act of the New York State Labor Law.

failing to pay her the prevailing minimum wage and overtime.[6] Her claims under the New York Labor Law (Counts III and IV) are subject to summary dismissal since Plaintiff, as a student performing services for a not-for-profit institution, was not an "employee" pursuant to the applicable provisions of the New York Labor Law and thus, not subject to the New York Labor Law minimum wage and overtime provisions.

A.  **Hofstra Is A Not-For-Profit Institution And As Such, Is Exempt From The Minimum Wage And Overtime Requirements Of The New York Labor Law**

In her Complaint, Plaintiff alleges that Hofstra, "violated New York statutes 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 by failing to pay the New York minimum wage and overtime." (Compl. ¶¶ 5 & 46.) Plaintiff's reliance on sections 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 is misplaced.

The New York Code, Rules and Regulations 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 applies to all employees *except* employees employed by a not-for-profit institution. *See* 12 N.Y.C.R.R. § 142-2. Not-for-profit institutions are subject, instead, to 12 N.Y.C.R.R. § 142-3 et seq. As evidenced by the University Charter, Hofstra is a not-for-profit institution. (Block Decl., ¶ 7.) Since Hofstra is a not-for-profit institution, it is subject to the New York Code, Rules and Regulations 12 N.Y.C.R.R. § 142-3 et seq., rather than 12 N.Y.C.R.R. § 142-2 et seq. Therefore, to state a viable claim under the New York Labor Law, Plaintiff has to be an employee as defined by that statute. As set forth below, Plaintiff can not satisfy that requirement as a matter of law.

---

[6] This motion does not address Plaintiff's FLSA claims.

B.  **As A "Student" Working For A Not-For-Profit Institution, Plaintiff Cannot Seek Relief Under The New York Labor Law As A Matter of Law**

As a not-for-profit institution, the New York Labor Law provides Hofstra with an exemption from the New York minimum wage and overtime provisions for work performed by students. Unlike 12 N.Y.C.R.R. § 142-2 et seq. of the New York Code, Rules and Regulations, 12 N.Y.C.R.R. § 142-3.12 provides that an "employee" shall *not* include a student working in or for a not-for-profit institution. Specifically, 12 N.Y.C.R.R. § 142-3.12(c)(11) provides that "[t]he term student means an individual who is enrolled in and regularly attends during the daytime a course of instruction leading to a degree, certificate or diploma, offered at an institution of learning, or who is completing residence requirements for a degree. A person is deemed to be a student during the time that school is not in session if such person was a student during the preceding semester." *See* 12 N.Y.C.R.R. § 142-3.12(c)(11).

Hofstra maintains a Graduate Studies Bulletin entitled Hofstra University Graduate Studies Bulletin (hereinafter the "Graduate Bulletin"). The Graduate Bulletin details all of the Graduate Program policies and requirements, including residency requirements, and is available to all graduate students. (Declaration of Dr. Herman A. Berliner [hereafter "Berliner Decl."], ¶ 3.) Specifically, the Graduate Bulletin provides that "[s]tudents studying for master's degrees must complete at least 24 semester hours of their course work (not including elementary school student teaching) in residence at Hofstra." (Berliner Decl., ¶ 6.)

As specifically alleged in the Complaint, Plaintiff was "a former Undergraduate Assistant Football Team Manager." (Compl. ¶ 12.) At the time Plaintiff was an Assistant Football Team Manager, she was a matriculated graduate student in Hofstra's Graduate School of Communications completing residency requirements for a degree in Speech Communication and Rhetorical Studies. (Block Decl., ¶ 6.)

Therefore, Plaintiff, during the Fall 2006 football season when she held the Assistant Football Team Manager job, was a graduate student "completing residence requirements for a degree." *See* 12 N.Y.C.R.R. § 142-3.12(c)(11). Since the New York Code, Rules and Regulations, 12 N.Y.C.R.R. § 142-3 et seq. expressly exempts students such as Plaintiff from the New York Labor Law minimum wage and overtimes provisions, the Court should dismiss Counts III and IV of the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion be granted and that Counts III and IV of Plaintiff's Complaint be dismissed with prejudice.

Dated: November 30, 2007
New York, New York

                                              PROSKAUER ROSE LLP

                                              By: s/ Elise M. Bloom
                                                    Elise M. Bloom (EB-7932)
                                                    Brian J. Gershengorn (BG-7544)
                                                    1585 Broadway
                                                    New York, New York  10036
                                                    (212) 969-3000
                                                    Attorneys for Defendant