# Thompson Wigdor & Gilly LLP
ATTORNEYS AND COUNSELORS AT LAW

Empire State Building
350 Fifth Avenue
Suite 5720
New York, NY 10118
Tel 212.239.9292
Fax 212.239.9001
www.twglawyers.com

January 2, 2008

**VIA ECF**

Honorable Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re.   Summa v. Hofstra University – 07 cv 3307 (DRH/ARL)

Dear Judge Lindsay:

We represent Plaintiff Lauren Summa and opt-in Plaintiffs Emily DeGaglia, Lynn Sumner, and Dawn Sumner in the above referenced case. We write to request the scheduling of a pre-motion conference pursuant to Local Civil Rule 6.1 and Your Honor's Individual Practices.

Specifically, Plaintiffs request a pre-motion conference in anticipation of filing a motion for an order directing Defendant Hofstra University to provide the names and addresses of putative class members and authorizing Plaintiff's counsel to advise class members of the pendency of this action. We seek the Court's authorization to send notice of a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), which provides that an employee may bring an action on behalf of herself and all other employees who are "similarly situated." See 29 U.S.C. § 216(b).

Hofstra employs students on-campus in three categories: Undergraduate Assistant, Graduate Assistant and Graduate Assistantship. Plaintiffs, all employed as Undergraduate or Graduate Assistants at some point in their time as students at Hofstra, were unlawfully denied both minimum wage and overtime pay despite their nonexempt status. Furthermore, many other Undergraduate and Graduate Assistants were paid less than the minimum wage and almost all were not paid overtime during their tenure as student employees. Hofstra's failures stem from a common practice of failing to enforce four policies: (1) a policy entitling students to the federal minimum wage, (2) a "one job per student" policy, (3) part-time employee status for all Undergraduate and Graduate Assistants requiring no more than 25 hours of employment per week, and (4) a policy prohibiting overtime without approval for all hours worked past 40 hours. Hofstra failed to monitor or enforce these policies and created a widespread and well-known practice of

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Arlene R. Lindsay
January 2, 2008
Page 2

cutting corners on minimum wage and overtime compensation in violation of the FLSA. Since all Undergraduate and Graduate Assistants were subject to these common failures of enforcement which gave rise to Plaintiffs' claims that the law has been violated, they are all "similarly situated" under 29 U.S.C. § 216(b).

Plaintiffs have brought this action on behalf of themselves and all individuals employed by Hofstra University as Undergraduate and Graduate Assistants within six years of the date the Court rules on this motion. Since Defendant did not post the notice required by the FLSA under 29 C.F.R. § 516.4, the appropriate course is to certify the FLSA opt-in class for a period likely to encompass all unnoticed potential plaintiffs. This practice allows Plaintiffs full discovery on the adequacy of notice and the applicability of equitable tolling.

For these reasons, we believe that judicially-authorized notice under Section 16(b) of the FLSA is appropriate for the efficient resolution of class claims. We respectfully request an in-person pre-motion conference with the Court to address this matter.

Respectfully submitted,

Christopher Q. Davis

cc:   Elise Bloom, Esq. (By ECF)