**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

January 7, 2007

**By E-Filing**

Honorable Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   Summa v. Hofstra University, 07 cv 3307 (DRH)(ARL)

Dear Judge Lindsay:

We represent Hofstra University ("Hofstra") in the above referenced matter. We write in response to Plaintiff's counsel's January 2, 2008 letter requesting a pre-motion conference in anticipation of filing a motion for an order: (i) directing Hofstra to provide the names and addresses of putative class members which Plaintiff alleges would include all undergraduate and graduate students who were employed by Hofstra within six (6) years of the date of the notice; and (ii) authorizing Plaintiff's counsel to advise class members of the pendency of this action. For the reasons set forth herein, Hofstra respectfully requests that Your Honor not order a pre-motion conference since Plaintiff's anticipated motion is premature.

Named Plaintiff Lauren Summa and opt-in Plaintiffs Emily DeGaglia, Lynn Sumner and Dawn Sumner, at various times during their tenure at Hofstra, acted as an Assistant Team Manager to the Hofstra Football Team. Plaintiff's alleged claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and the New York Labor Law Section 663, 12 N.Y.C.R.R. § 142-2.1 and 12 N.Y.C.R.R. § 142-2.2 ("New York Labor Law") for unpaid wages and overtime. The New York Labor Law claims have been dismissed with prejudice leaving only the FLSA claims remaining. Hofstra maintains that the Assistant Football Team Manager position performed by the named Plaintiff and the opt-ins is a unique position not subject to the FLSA.

Hofstra does not dispute that this Court has discretion to authorize the sending of notice to potential class members and to direct an employer to disclose the names and addresses of similarly situated potential plaintiffs in a collective action brought pursuant to Section 216(b) of

PROSKAUER ROSE LLP

Magistrate Judge Arlene R. Lindsay
January 7, 2007
Page 2

the FLSA. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). However, as a threshold matter, Plaintiffs must demonstrate that potential class members are "similarly situated." *See, e.g., Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007); *Prizmic v. Armour, Inc.*, No. 05-cv-2503 (DLI)(MDG), 2006 U.S. Dist. LEXIS 42627, at *4 (E.D.N.Y. June 12, 2006).

While Plaintiff's burden at this stage is minimal, "mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic*, 2006 U.S. Dist. LEXIS 42627, at *6 (denying conditional certification and authorization of notice where plaintiffs failed to provide necessary minimal factual showing); *see also Morales v. Plantworks, Inc.*, No. 05-cv-2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *6 (S.D.N.Y. Feb. 1, 2006) (denying motion for class certification and court authorized notice where plaintiff offered only conclusory allegations in complaint regarding common policy or plan); *Diaz v. Elec. Boutique of America*, No. 04-cv-0840E, 2005 U.S. Dist. LEXIS 30382, at *12 (W.D.N.Y. Oct. 13, 2005) (denying conditional certification, notice to, and discovery about potential class members where plaintiff did not make requisite factual showing). Plaintiffs must submit actual evidence of a "factual nexus" between their situation and those persons they claim are similarly situated. *Prizmic*, 2006 U.S. Dist. LEXIS 42627, at *7. Mere "conclusory allegations" will not suffice. *Id.* Otherwise, the employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Id.* (quoting *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995).

This case is in the initial stages. There has been no discovery. There certainly has been no showing that the named Plaintiff or the three (3) opt-ins are similarly situated as to anyone, except possibly themselves. Thus, Plaintiff has no basis for asking for names and addresses of all undergraduate and graduate students at this juncture, and any motion to that effect is premature.

Furthermore, Plaintiff's request is unduly burdensome as in any given year Hofstra employs in excess of 3,000 students. Moreover, to disclose the information requested by Plaintiff would implicate various privacy rights of the students involved.

Finally, as to Plaintiff's statement that a six (6) year statute of limitations rather than a 2 or 3 year statute of limitations is appropriate, as previously stated in our letter of November 20, 2007, Plaintiff's allegation that Hofstra did not "post adequate notice of rights under the FLSA" and thus, a six year period should apply to their FLSA claims, is simply false. Hofstra posted and continues to post all applicable federal and state notices, including all FLSA postings. Unless and until Plaintiff presents evidence to the contrary, beyond her mere allegations, the suggestion of a six (6) year statute of limitations should be rejected.

**PROSKAUER ROSE LLP**

Magistrate Judge Arlene R. Lindsay
January 7, 2007
Page 3

For all of the above reasons, we respectfully request that Your Honor not order a pre-motion conference.

Respectfully submitted,

*Elise Bloom /B.S.*

Elise M. Bloom

cc:     Douglas Wigdor, Esq. (By ECF)