PROSKAUER ROSE LLP
Elise M. Bloom (EB-7932)
Brian J. Gershengorn (BG-7544)
1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAUREN E. SUMMA, on behalf of herself :   Case No.: 07-CV-3307 (DRH)(ARL)
individually, and on behalf of all similarly :
situated employees, :
             :   **DEFENDANT'S ANSWER TO**
             :   **PLAINTIFF'S COMPLAINT**
         Plaintiff, :
             :   **ECF Case**
  against :
             :
HOFSTRA UNIVERSITY, :
             :
         Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Hofstra University ("Defendant" or "Hofstra"), by and through its attorneys, Proskauer Rose LLP, for its answer and affirmative defenses to Plaintiff Lauren Summa's ("Plaintiff") Complaint, in paragraphs numbered to correspond with the numbered paragraphs in the Complaint itself, hereby states as follows:

## AS TO THE NATURE OF THE ACTION

1.     Denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff brings this civil action pursuant to 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.      The allegations in Paragraph 2 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.   To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint.

3.      Denies each and every allegation set forth in Paragraph 3 of the Complaint.

4.      Denies each and every allegation set forth in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.   To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.   To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.   To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.   To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.      Denies each and every allegation set forth in Paragraph 9 of the Complaint.

6264/35283-015 Current/10508862v3

**AS TO JURISDICTION AND VENUE**

10.     Denies each and every allegation set forth in Paragraph 10 of the Complaint, except admits that Plaintiff alleges that this Court has jurisdiction under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11.     Denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that venue is proper in this Court.

**AS TO THE PARTIES**

12.     Denies each and every allegation set forth in Paragraph 12 of the Complaint, except avers that Plaintiff Lauren E. Summa was an Assistant Football Team Manager.

13.     Paragraph 13 alleges facts to which no response is required.

14.     Denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.     Denies each and every allegation set forth in Paragraph 15 of the Complaint, except avers that Hofstra University is a private, not-for-profit, nonsectarian, coeducational university.

**AS TO THE FACTS**

16.     Denies each and every allegation set forth in Paragraph 16 of the Complaint, except avers that Plaintiff Lauren E. Summa received a $700 stipend as an Assistant Football Team Manager.

17.     Denies each and every allegation set forth in Paragraph 17 of the Complaint.

6264/35283-015 Current/10508862v3

18.     Denies each and every allegation set forth in Paragraph 18 of the Complaint.

19.     Denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.     Denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.     Denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     Denies each and every allegation set forth in Paragraph 23 of the Complaint.

24.     Denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     Denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint except avers that as an Assistant Football Team Manager, Plaintiff did not supervise anyone.

27.     The allegations in Paragraph 27 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 30 of the Complaint.

31.     Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

32.     Denies each and every allegation set forth in Paragraph 32 of the Complaint.

### AS TO THE CLASS AND COLLECTIVE ACTION ALLEGATIONS

33.     Denies each and every allegation set forth in Paragraph 33 of the Complaint.

34.     Denies each and every allegation set forth in Paragraph 34 of the Complaint.

35.     Denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.     Denies each and every allegation set forth in Paragraph 36 of the Complaint.

37.     Denies each and every allegation set forth in Paragraph 37 the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what other current or former students told Plaintiff.

38.     Denies each and every allegation set forth in Paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what other current or former students told Plaintiff.

39.     Denies each and every allegation set forth in Paragraph 39 of the Complaint.

40.     Denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.     Denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.     Denies each and every allegation set forth in Paragraph 42 of the Complaint.

43.     Denies each and every allegation set forth in Paragraph 43 of the Complaint.

44.     Denies each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Denies each and every allegation set forth in Paragraph 45 of the Complaint.

46.     Denies each and every allegation set forth in Paragraph 46 of the Complaint, and further shows that Plaintiff's claims under the New York Labor Law were dismissed with prejudice on December 26, 2007.

47.     Denies each and every allegation set forth in Paragraph 47 of the Complaint and further shows that Plaintiff's claims under the New York Labor Law were dismissed with prejudice on December 26, 2007.

### AS TO "THE FIRST CLAIM FOR RELIEF"
### (Alleged Violation of the Fair Labor Standards Act: Minimum Wage)

48.     Repeats and realleges its answers and responses to Paragraphs 1 through 47, inclusive, as if set forth in full herein in response to Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Denies each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Paragraph 51 alleges facts to which no response is required.

6264/35283-015 Current/10508862v3

52.   The allegations in Paragraph 52 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant directs the court to the FLSA for the true meaning and content thereof.

53.   Denies each and every allegation set forth in Paragraph 53 of the Complaint.

54.   Denies each and every allegation set forth in Paragraph 54 of the Complaint.

55.   Denies each and every allegation set forth in Paragraph 55 of the Complaint.

56.   Denies each and every allegation set forth in Paragraph 56 of the Complaint.

### AS TO "THE SECOND CLAIM FOR RELIEF"
### (Alleged Violation of the Fair Labor Standards Act: Overtime Wages)

57.   Repeats and realleges its answers and responses to Paragraphs 1 through 56, inclusive, as if set forth in full herein in response to Paragraph 57 of the Complaint.

58.   The allegations in Paragraph 58 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant directs the court to the FLSA for the true meaning and content thereto.

59.   Defendant denies each and every allegation set forth in Paragraph 59 of the Complaint.

60.     Paragraph 60 alleges facts to which no response is required.

61.     The allegations in Paragraph 61 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant directs the court to the FLSA for the true meaning and content thereto.

62.     Denies each and every allegation set forth in Paragraph 62 of the Complaint.

63.     Denies each and every allegation set forth in Paragraph 63 of the Complaint.

64.     Denies each and every allegation set forth in Paragraph 64 of the Complaint.

65.     Denies each and every allegation set forth in Paragraph 65 of the Complaint.

## AS TO "THE THIRD CLAIM FOR RELIEF"
### (Alleged Violation of the New York Labor Law: Minimum Wage)

66.     Repeats and realleges its answers and responses to Paragraphs 1 through 65, inclusive, as if set forth in full herein in response to Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 69 of the Complaint.

### AS TO "THE FOURTH CLAIM FOR RELIEF"
### (Alleged Violation of the New York Labor Law: Overtime Wages)

70.     Repeats and realleges its answers and responses to Paragraphs 1 through 69, inclusive, as if set forth in full herein in response to Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint requires no response since this claim was dismissed with prejudice on December 26, 2007.  To the extent an answer is required, Defendant denies each and every allegation set forth in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations in the WHEREFORE clause of the Complaint, (a-g inclusive), and further denies that Plaintiff is entitled to any relief demanded therein or any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws. Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendant has not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA.  By reason of the foregoing, Plaintiffs and/or any putative member of the purported FLSA Collective

6264/35283-015 Current/10508862v3

Action are not entitled to liquidated damages.  Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's monetary claims, and the claims of the putative members of the purported FLSA Collective Action defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant denies that it acted unlawfully or improperly toward Plaintiff and the putative members of the purported FLSA Collective Action defined in the Complaint. However, with regard to any potential award to Plaintiff and/or the putative members of the purported FLSA Collective Action for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff and/or putative members of the purported FLSA Collective Action, and/or all obligations of Plaintiff or putative members of the purported FLSA Collective Action owed to Defendant, against any judgment that may be entered against Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The types of claims alleged by the named Plaintiff of the purported FLSA Collective Action defined in the Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA.

6264/35283-015 Current/10508862v3

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiff with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The named Plaintiff fails to satisfy the prerequisites for collective action status and, therefore, lacks standing and cannot represent the interests of others as to each of the purported causes of action.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the alleged class of person which Plaintiffs purport to represent, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff is an inadequate representative of the alleged class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Hofstra's Assistant Football Team Manager position is an exempt position which is not covered by the minimum wage and overtime provisions of the FLSA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Hofstra has fully complied with all of the provisions of the FLSA, including but not limited to, all the minimum wage and overtime provisions of the statute.

6264/35283-015 Current/10508862v3

**WHEREFORE**, Defendant respectfully requests that this Court:

a.     Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b.     Deny each and every request for relief set forth in Plaintiff's

Complaint;

c.     Award Defendant its reasonable attorneys' fees and legal expenses;

d.     Award Defendant its costs and disbursements incurred in defense of

this action; and

e.     Award Defendant any other relief the Court deems just and proper

Dated: January 10, 2008
       New York, New York

                              PROSKAUER ROSE LLP


                    By:    s/ Elise M. Bloom
                           Elise M. Bloom (EB-7932)
                           Brian J. Gershengorn (BG-7544)
                           1585 Broadway
                           New York, New York  10036
                           (212) 969-3000
                           Attorneys for Defendant