# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LAUREN E. SUMMA, on behalf of herself individually
and on behalf of all similarly situated employees,

                              Plaintiffs,      :  CV 07-3307 (DRH) (ARL)

               v.                            **AFFIDAVIT OF**
                                                  **LAUREN E. SUMMA**

HOFSTRA UNIVERSITY,

                              Defendant.

------------------------------------------------------------------X

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NASSAU   )

Lauren E. Summa, being duly sworn, deposes and says:

1. I was employed in various positions as an Undergraduate and Graduate Assistant while enrolled at Hofstra University. At all times, my employment was within the Class Period as defined by the Complaint.

2. Hofstra maintains a number of rules regarding on-campus employment that are supposedly applicable to all Undergraduate and Graduate Assistants. These rules were applicable to my employment at Hofstra University at all times during the Class Period. All Undergraduate and Graduate Assistant positions are offered to matriculated Hofstra University students enrolled for a minimum of three credits. According to Hofstra's policies, all Undergraduate and Graduate Assistants are only allowed to work one on-campus job, are paid an

hourly wage, are not allowed to work more than 25 hours per week without authorization, are classified as part-time employees, are not allowed to work overtime without authorization, and are entitled to time and a half when overtime is authorized. The process for applying for Undergraduate and Graduate Assistant positions is uniform for all student applicants. All applicants must submit a work permit form to start the hiring process and are required to submit tax paperwork to student employment, usually through department supervisors. Moreover, the terms and conditions of employment are identical for all Undergraduate and Graduate Assistants. Students are required to submit worksheets with a record of all hours worked during the week. Acceptable standards for work schedules, job responsibilities, supervision and resolving problems are all similarly defined for Undergraduate and Graduate Assistants. Last, Undergraduate and Graduate Assistants are all paid on the same biweekly schedule and according to the same disbursement policies.

3. Despite these stated rules and policies, I did not receive the federal minimum wage during my employment as an Undergraduate Assistant Athletic Manager on the football team, one of many Undergraduate Assistant positions I worked in while enrolled at Hofstra. I worked approximately 40 hours a week for approximately 16 weeks and was compensated with a $700.00 stipend. I was not required to fill out a student work authorization permit or record my hours in a time sheet. Also, I was not required to report overtime.

4. Based on my conversations with other students, I learned that it was a common practice to underpay Undergraduate and Graduate Assistants, either by paying an hourly wage lower than the federal minimum wage or by offering meager stipends. My review of student employment job opportunity bulletins while I was a student also supported this conclusion as many of the postings involved sub-minimum wage positions.

5. Also, on different occasions during the Class Period, including when I was employed as an Athletic Manager, I worked simultaneously in two Undergraduate Assistant positions and regularly worked in excess of 40 hours a week between two jobs. I filled out time sheets for my second job and completed a student work permit so the University was well aware that I was working two jobs. Despite this, I was never compensated with time and a half for any overtime hours worked over 40 hours between the two jobs.

6. Hofstra's "one job" policy for Undergraduate and Graduate Assistants was completely unenforced during the Class Period. Many, if not most, students employed as Undergraduate or Graduate Assistants worked two jobs at some point in their student life, and many worked over 40 hours a week during those periods. Since Hofstra's stated overtime policy failed to acknowledge situations where students were working two jobs with authorization to do so, Hofstra ultimately failed to pay those students overtime for all hours worked over 40 hours.

7. During the Class Period, Hofstra similarly failed to pay students overtime wages even when students worked only one job. Since Hofstra insisted that all student Undergraduate and Graduate Assistants were part-time employees entitled to only 25 hours of work and no overtime, they regularly looked the other way as students worked well beyond 25 hours. Many, if not most, of Hofstra's on-campus jobs required a time commitment well in excess of 25 hours a week. Undergraduate and Graduate Assistants were inappropriately required to self-enforce their part-time status and the school's no-overtime policy. Often, students simply worked in excess of 25 hours a week with the full blessing of supervisors and management would never pay them for the time worked in excess of 25 hours. Also, students were similarly not paid for any hours worked over 40 hours when they were in fact entitled to time and a half.

8. In addition, Undergraduate and Graduate Assistants earning sub-minimum wage stipends

3

were never provided with the opportunity for earning overtime. These student employees, often students working in the Athletic Department, would occasionally work over 40 hours a week and never received any overtime. While I was an Undergraduate Assistant athletic manager on the football team, I occasionally worked in excess of 40 hours a week and did not receive overtime.

9. Furthermore, to my knowledge, all Undergraduate and Graduate Assistants who received stipends were not required to report hours, fill out a time card, sign a student work permit, or report overtime. There is no provision in the student employee manual for payment of wages through stipends, yet many students in many different positions were paid stipends and the Hofstra University website consistently advertised other jobs with suspiciously low paying stipends.

10. Additionally, I was never provided with a student employment handbook and was never advised to seek the handbook online. Since I was allowed to apply for positions with the departments which later employed me, an option I exercised with each of my on-campus jobs, I was not required to report to student employment. Any payroll paperwork that I needed to fill out I handed in to my department supervisor. I never observed any posters on campus informing me of my rights under the FLSA and never received any notice whatsoever of my entitlement to the minimum wage or overtime.

_____
Lauren E. Summa

Sworn to before me on

January 23, 2008

_____
Notary Public

KEVIN HART
Notary Public, State of New York
No. 01HA6116601
Qualified in Suffolk County
Commission Expires October 4, 20__

4