UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LAUREN E. SUMMA, on behalf of herself individually,
and on behalf of all similarly situated employees,

                  Plaintiffs,

                                                                     **ORDER**
       -against-                                  CV 07-3307 (DRH)(ARL)

HOFSTRA UNIVERSITY,

                  Defendant.
-------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

    Presently before the court is plaintiff's motion seeking: (1) to conditionally certify a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); (2) for court-authorized notice of the action to potential opt-in plaintiffs; and (3) for an order directing defendant to provide the names, addresses, e-mail addresses, Social Security numbers, and dates of employment of each person employed by Hofstra as an Undergraduate or Graduate Assistant during the last six years. For the reasons that follow, plaintiff's motion should be granted in part and denied in part.

## BACKGROUND

    Defendant Hofstra University ("Hofstra") is a private university that employs students on its Hempstead, New York campus in three categories relevant to this matter: Undergraduate Assistant, Graduate Assistant and Graduate Assistantship. Plaintiff, Lauren E. Summa ("Summa"), is a former Hofstra student who maintained an Undergraduate Assistant position as Football Team Manager during the 2006 Fall semester. (Compl. at ¶¶ 12, 16). According to the complaint, the plaintiff received a $700 stipend for her work as Football Team Manager although she was working at least 40 hours each week in that position. (Compl. at ¶ 16). Plaintiff also alleges that she was simultaneously working in other hourly paid positions she held on-campus for

Hofstra. (Id.) According to the plaintiff, the accumulation of hours worked in all of the positions she held with Hofstra during the same time period entitled her to overtime compensation for the hours worked beyond 40 hours in any given week. (Id.)

On August 9, 2007, plaintiff commenced the instant action on behalf of herself and others similarly situated who were allegedly not paid the prevailing minimum wage or overtime compensation in violation of § 216(b) of the FLSA. Plaintiff specifically alleges that: (1) she regularly worked in excess of 40 hour per week for Hofstra between her multiple on-campus jobs and was not paid overtime; (2) based upon her job responsibilities she was not "exempt" from the FLSA's overtime wage requirement; and (2) all Undergraduate or Graduate Assistants had similar basic job duties and assignments and all are or were subject to Hofstra's common policy and practice of classifying Undergraduate and Graduate Assistants as exempt or otherwise excluded from the provisions of the FLSA. (Compl. at ¶¶ 2-4, 18-28, 31).

## I.   CONDITIONAL CERTIFICATION

The FLSA provides a private right of action to recover unpaid prevailing minimum wages and/or overtime compensation and liquidated damages from an employer who violates the Act's provisions. See 29 U.S.C. § 216(b). Congress's purpose in passing the FLSA was "to protect all covered workers from substandard wages and oppressive working hours, and 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Arkansas-Best-Freight System, Inc., 450 U.S. 728, 739, 101 S. Ct. 1437 (1981) (quoting 29 U.S.C. § 202(a)). The FLSA is construed by the courts "liberally to apply to the furthest reaches consistent with congressional direction." Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296, 101 S. Ct. 1953 (1985) (internal quotation marks and citation omitted).

Pursuant to the FLSA, employees such as the plaintiff may sue on behalf of themselves and "other employees similarly situated" for violations of the statute's minimum wage and overtime provisions. 29 U.S.C. § 216(b). Unlike class action suits brought pursuant to Federal Rule of Civil Procedure 23, only potential plaintiffs who affirmatively "opt in" by filing a written consent may be bound by or benefit from the judgment in an FLSA collective action. See Francis v. A&E Stores, Inc., CV 06-1638(CLB)(GAY), 2008 WL 2588851, *1 (S.D.N.Y. June 26, 2008) (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)). Also unlike a Rule 23 class action, "no showing of numerosity, typicality, commonality and representativeness need be made" for certification of an FLSA collective action. Francis, 2008 WL 2588851 at *1 (citing Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)) .

In determining whether a suit may proceed as a collective action under the FLSA,

> [c]ourts typically undertake a two-stage review . . . . As a first step the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action.

Cuzco v. Orion Builders, Inc., 477 F. Supp .2d 628, 632 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp.2d 263, 266-67 (E.D.N.Y. 2005) ("The threshold issue in deciding whether to authorize such opt-in notice is to determine whether other employees to whom notice might be sent are 'similarly situated.'") (citation and internal quotation omitted). At the initial assessment stage, before discovery is completed, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations. Young, 229 F.R.D. at 54. In assessing whether the proposed class members are similarly situated, the court is to consider the pleadings together with any affidavits or other evidence submitted. Lee, 236 F.R.D. at 197 (citing Scholtisek v. Eldre Corp., 22 F.R.D. 381 (W.D.N.Y. 255)). If the court finds

3

that the putative plaintiffs are similarly situated to the named plaintiff, the court conditionally certifies the class and permits notice to be sent to the proposed class members. Laroque v. Domino's Pizza, LLC, CV 06-6387(DLI), 2008 WL 2303493, at *6 (E.D.N.Y. May 30, 2008) (citations omitted).

Then, after completion of discovery, the court

> examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims.

Francis, 2008 WL 2588851, at *1 (quoting Lee, 236 F.R.D. at 197).

Neither the FLSA nor its implementing regulations define "similarly situated." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Courts in this Circuit have held that "plaintiff has only a minimal burden to show that [s]he is similarly situated to the potential class," which requires "a modest factual showing sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law." Cuzco, 477 F. Supp.2d at 632-33 (quotation and citation omitted); Hoffmann, 982 F. Supp. at 261; Patton, 364 F. Supp.2d at 267; Scholtisek, 229 F.R.D. at 390. Accordingly, district courts have long held that to satisfy the "similarly situated" standard, "the named plaintiff need only demonstrate a "factual nexus" between his or her situation and the situation of other current and former employees." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing Hoffmann, 982 F. Supp. at 262; Jackson v. N.Y. Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("Because this litigation is in its early stages, plaintiffs need merely provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" )(quoting Schwed v. Gen. Elec. Co., 159 F.R.D. 373, 376 (N.D.N.Y. 1995)). Thus, "'[t]he burden on the plaintiffs is not a

stringent one, and the court need only reach a preliminary determination that potential plaintiffs are similarly situated.'" Young, 229 F.R.D. at 54 (quoting Hoffman, 982 F. Supp.2d at 261). With these standards in mind, the court considers the plaintiff's motion.

Plaintiff seeks an order certifying a conditional collective action for all individuals who were employed by Hofstra as Undergraduate and Graduate Assistants who were paid an hourly wage lower than the prevailing minimum wage at any time within the last six years and/or who worked more than 40 hours in any week in the last six years and did not receive overtime compensation. Plaintiff asserts that she is similarly situated to members of the putative class because all Hofstra Undergraduate and Graduate Assistants are subject to the same employment practices and compensation policies. In support of her motion, plaintiff proffers the following: (1) her affidavits, in which she states Hofstra maintains a number of rules regarding on-campus employment that are applicable to all Undergraduate and Graduate Assistants and were applicable to her employment at all times during the relevant time period, that she was paid at a rate below the prevailing minimum wage and was denied overtime pay for hours worked in excess of 40 in a given week, and that at least seven other students (Gregory Vineyard, Gary Fassler, Kai Knowles, Jenna Williams, Jordan Young, Fatimah White and Brian Barry) have advised her that they also were not paid overtime as a result of Hofstra's failure to properly compensate students working simultaneously in two on-campus Undergraduate Assistant position for hours worked beyond 40 in one week (Summa Aff. dated 1/23/08 at ¶¶ 2-3, 5, 8; Summa Aff. dated 3/2/08 at ¶ 3); (2) the affidavits of Emily DeGaglia, Lynn Sumner and Dawn Sumner who each state that they were also employed by Hofstra in various Undergraduate and Graduate Assistant positions during the relevant time period and did not receive the federal minimum wage or overtime compensation; (3) Hofstra's 2006 Student Employment Handbook, specifically the following provisions:

5

> Undergraduate and Graduate Assistants: Flexible hours are permitted, however, when classes are in session, hours should not exceed 25 per week; and cannot exceed 35 hours per week when classes are in recess.
>
> One Job Per Student: Students are permitted to work in only one on-campus job at a time. Student jobs are considered part-time employment. The University is not in a position to offer full-time jobs to student employees, therefore students are prohibited from combining part-time on-campus jobs to exceed 25 hours per week. Exceptions are made for a second job that is temporary or is fewer than 6 hours per week.
>
> Absolute Maximum Hours Per Week [Overtime Pay]: No student employed by Hofstra University may work on campus more than 40 hours in any one week. Any student who is permitted to work by a supervisor beyond this maximum must be paid "time and one-half" for these extra hours. Occasionally, a situation may arise where a student is working in more than one department. In this circumstance, the student and the departments should be particularly careful not to exceed the 40-hour limit.
>
> Rates of Pay: . . . Rates for Undergraduate and Graduate Assistants are set by the employing department, beginning at the federal minimum wage.

See Ex. F at pp. 10-11. Plaintiff also relies on the On-Campus Student Employment Handbook for Supervisors, specifically the sections entitled "Number of Jobs a Student May Hold Concurrently", "Scheduling Hours" and "Rates of Pay" See Ex. G at pp. 3, 10-11, 15. According to the plaintiff, the above-cited polices were routinely disregarded by Hofstra, who allowed the plaintiff and the putative class members to hold more than one on-campus job at a time, work in excess of 40 hours in a given week and then denied overtime compensation for any such hours worked.

      The evidence submitted by plaintiff constitutes a sufficient preliminary showing that the plaintiff and the putative class members are similarly situated. The evidence makes clear that the plaintiff and the potential plaintiffs held the same or similar positions, were subject to the same policies and were not paid the federal minimum wage and did not receive overtime compensation

for hours worked in excess of 40 in any given week. Indeed, the affidavits of the plaintiff, Emily DeGaglia, Lynn Sumner and Dawn Sumner all describe that they were employed by Hofstra in various positions as Undergraduate or Graduate Assistants, that they were all subject the above-cited policies, that Hofstra did not enforce these policies and thus permitted them to work simultaneously in more than one Undergraduate Assistant position without paying overtime for hours worked beyond 40 in a week in violation of the FLSA. See Summa Aff. at ¶¶ 1-2, 5, 8; DeGaglia Aff. at ¶¶ 1-2, 5, 8; Lynn Sumner Aff. at ¶¶ 1-2, 5, 8; Dawn Sumner Aff. at ¶¶ 1-2, 5, 8. The plaintiff and putative plaintiffs also aver than they were paid below the prevailing minimum wage in violation of both Hofstra's stated policy regarding rates of pay and the FLSA. See Summa Aff. at ¶ 3; DeGaglia Aff. at ¶ 3; Lynn Sumner Aff. at ¶ 3; Dawn Sumner Aff. at ¶ 3.

     Hofstra makes several arguments in opposition to conditional certification, none of which are persuasive. First, Hofstra asserts that the plaintiff and proposed class members are not similarly situated because the plaintiff has conflated two distinct categories of students, namely hourly-paid student employees who are subject to the FLSA and students who participate in extracurricular activities or internships for which they receive a stipend but are not "employees" as defined by the FLSA. The question of whether the students who received stipends for their services are "employees" under the FLSA is not before the court at this time. Young, 229 F.R.D at 54 (in making preliminary determination whether a case should proceed as a collective action, the court is not to focus "on whether there has been an actual violation of the law but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. §216(b) with respect to their allegations that the law has been violated) (citing Kruger v. N.Y. Tel Co., 1993 WL 276058 at *2 (S.D.N.Y. July 21, 2003) ("[T]he court need not evaluate the merits of the plaintiffs' claim

7

in order to determine whether a 'similarly situated' group exists.").[1] The plaintiff has established that the above-cited polices apply to all Hofstra Undergraduate or Graduate Assistants and has provided evidence that Hofstra did not consistently adhere to these policies such that there is a sufficient factual nexus between the plaintiff's situation and that of other Undergraduate or Graduate Assistants. Thus, they are clearly similarly situated.

Next, the defendant argues that certification is inappropriate as to the students who participate in extracurricular activities or internships for which they receive a stipend because question of whether these individuals are "employees" as defined by the FLSA will require an individualized and fact-intensive inquiry into their particular duties, activities and training. As noted above, whether the plaintiff or any putative plaintiffs are exempt or otherwise excluded from the FLSA is not a proper inquiry for the court on this motion. See, e.g., Young, 229 F.R.D at 54. Such factual determinations will be addressed at the second stage of the certification process after the completion of discovery. Thus, defendant's concern that the determination of employee status for each individual will require an *ad hoc* evaluation is premature.

Finally, defendant's contention that conditional certification is unwarranted for the hourly-paid employees because the plaintiff has not proffered any evidence that Hofstra disregarded its policies as to her or any other individual ignores the evidence submitted by the plaintiff. The plaintiff's affidavit, together with those of Emily DeGaglia , Lynn Sumner and Dawn Sumner describe that they each worked simultaneously in two Undergraduate Assistant positions, that they regularly worked in excess of 40 hours per week between those jobs and that they were never paid overtime. Summa Aff. at ¶ 5; DeGaglia Aff. at ¶ 5; L. Sumner Aff. at ¶ 5; D. Sumner Aff. at ¶ 5. Further, they each aver that Hofstra was aware that they were working two jobs because they each

---

[1] Given this conclusion, the court has not considered the additional materials submitted by plaintiff on July 2, 2008 concerning Ms. Summa's "employee" status.

filled out time sheets for the two jobs and completed student work permits for those jobs. Id. Given these allegations, the plaintiff has established that the plaintiff and putative class members are similarly situated.

Accordingly, the court shall conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) of all persons who were employed as Undergraduate and Graduate Assistants by Hofstra and who were not paid the federal minimum wage and/or who did not receive overtime compensation.

## II. TEMPORAL SCOPE OF THE CLASS

The statute of limitations applicable to a claim for unpaid minimum wages and/or unpaid overtime compensation under the FLSA is two years from the date that the claim accrued or three years from such date where the claim arises from a willful violation of the Act. 29 U.S.C. § 255(a); Herman v. RSR Sec. Servs., 172 F.3d 132, 141 (2d Cir. 1999). In addition the FLSA requires that employers post a notice explaining the Act's requirements "in conspicuous places . . . where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. The failure to post such notice equitably tolls the statute of limitations until an employee has actual notice of his or her rights under the FLSA. See, e.g., United States v. Sabhnani, CR 07-429(ADS), 2008 WL 27919869, at *6 (E.D.N.Y July 19, 2008); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007).

Plaintiff alleges that Hofstra did not post the statutorily required notice and, thus, the court should certify a class likely to encompass all potential putative plaintiffs. Plaintiff proposes that the court permit a six-year period for notice to putative class members. Defendant denies that it failed to post the FLSA notices and urges that the court limit the temporal scope of the notice to the last two years. Defendant also contends that the it would be an extremely burdensome task to provide the names and addresses for all Undergraduate and Graduate Assistants for the last six

9

years because it would include thousands of students.

Defendant has submitted the affidavit of Evelyn Miller-Suber, Hofstra's Director of Human Resources, who states that since at least February 2005, the required FLSA notices were posted in the Human Resources department, the Student Center and in the payroll office and that all students who hold hourly-paid positions or who receive a stipend are required to visit the Human Resources department to fill out necessary paperwork. Miller-Suber Aff. at ¶¶ 13-15. In contrast, plaintiff's affidavit, as well as the affidavits of Emily DeGaglia, Lynn Sumner and Dawn Sumner, all aver that they submitted all necessary paperwork regarding their employment directly to their department supervisors and thus never visited the Human Resources department and that none of them ever saw any posters on campus concerning their rights under the FLSA.

Given this factual dispute, and in consideration of the burden to the defendant in identifying the thousands of putative class members, the court rejects the six-year period proposed by the plaintiff at this time. The court notes, however, that this time period may be subject to modification should further discovery prove that FLSA notices were not posted in accordance with the requirements of law. An employee's assertion that he or she did not see a properly posted notice will not, however, require tolling. Bonham v. Dresser Industries, Inc., 569 F.2d 187, 193-94 (3d Cir. 1987).

The court finds that a three-year period is appropriate. The plaintiff has alleged willful conduct by Hofstra (Complaint ¶¶ 32, 42, 56) sufficient to support defining the class based upon the three-year statute of limitations. Iglesias-Mendoza, 239 F.R.D. at 369 ("[W]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); Francis, 2008 WL 2588851, at *3. Accordingly, the certified class shall consist of all Hofstra Undergraduate or Graduate Assistants within the past three years who did not receive the prevailing minimum wage and/or overtime compensation.

10

### III. IDENTITIES OF POTENTIAL PLAINTIFFS

In order to facilitate dissemination of notice to potential plaintiffs in the collective action, plaintiff requests that this court direct defendant to provide the names, addresses, e-mail addresses, Social Security numbers, and dates of employment of each person employed by Hofstra as an Undergraduate or Graduate Assistant during the last six years.

"Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." Anglada v. Linens 'N Things, Inc., CV 06-12901(CM)(LMS), 2007 WL 1552511, at *7 (S.D.N.Y. April 26, 2007), Report & Recommendation Adopted, May 22, 2007 (citing cases). Plaintiff provides no justification regarding her request for additional information. Accordingly, defendant is directed to produce the names and last known addresses of individuals employed by Hofstra as Undergraduate or Graduate Assistants since August 2005.

### IV. PROPOSED NOTICE

"It is well-established that district courts may authorize the sending of notice to potential opt-in plaintiffs in appropriate cases where a collective action has been brought under § 216(b) of the FLSA." Cuzco, 477 F. Supp.2d at 635. The district court has broad discretion to determine the form of the notice and its specific provisions. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482 (1989) .

Plaintiff has annexed to her motion papers a proposed court-authorized collective action notice and consent form to be sent out to potential plaintiffs. Defendant does not object to the form of the plaintiff's submission. The plaintiff's proposed notice is approved by the court except that the plaintiff shall change the time period referenced in the notice to the last three years.

Dated: Central Islip, New York  **SO ORDERED:**
      August 14, 2008

                                                                       _____/s/_____
                                                                       ARLENE R. LINDSAY
                                                                       United States Magistrate Judge

12

Case 2:07-cv-03307-DRH-ARL Document 46 Filed 08/14/08 Page 12 of 12 PageID #: 584