PROSKAUER ROSE LLP
Elise M. Bloom
Brian J. Gershengorn
1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| LAUREN E. SUMMA, on behalf of herself individually and on behalf of all similarly situated employees : : : : Plaintiff, : : : against : : HOFSTRA UNIVERSITY : : Defendant. : | Case No.:  07-CV-3307 (DRH) (ARL) **ECF Case** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
HOFSTRA UNIVERSITY'S MOTION FOR RECONSIDERATION
AND/OR REARGUMENT OF THE COURT'S AUGUST 14, 2008 ORDER**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...............................................................................................................................1

I. THE COURT SHOULD RECONSIDER AND REVISE ITS AUGUST 14, 2008 ORDER ....1

    A. The New Evidence Indicates That Summa Cannot Serve As A Class Representative...1

    B. It Is Appropriate At This Stage Of The Litigation For The Court To Determine Whether Putative Plaintiffs Are "Employees" Subject To The Act ................................5

    C. The Risk Of Individualized Inquiry With Respect To Each Putative Plaintiff's Status As An "Employee" Under The FLSA Precludes Collective Treatment Of This Action....................................................................................................................................7

II. THE COURT SHOULD ORDER THAT PLAINTIFFS' PROPOSED NOTICE CONFORM TO THE CONDITIONALLY CERTIFIED CLASS ...........................................9

CONCLUSION..........................................................................................................................10

Table of Authorities

Page(s)

**CASES**

Amendola v. Bristol-Myers Squibb Co.,
    558 F. Supp. 2d 459 (S.D.N.Y. 2008) ............................................................... 5, 6

Brown v. Money Tree Mortg., Inc.,
    222 F.R.D. 676 (D. Kan. 2004) ............................................................................. 4

Bunyan v. Spectrum Brands, Inc.,
    No. 07-CV-0089-MJR, 2008 U.S. Dist LEXIS 59278 (S.D. Ill. July 31, 2008) ....... 8, 9

Hoffmann v. Sbarro, Inc.,
    982 F. Supp. 249 (S.D.N.Y. 1997) ....................................................................... 4

In re Initial Pub. Offering. Sec. Litig.,
    471 F.3d 24 (2d Cir. 2006) ............................................................................... 5, 6

Mendoza v. Casa De Cambio Delgado, Inc.,
    No. 07-2579, 2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. Aug. 12, 2008) ................. 8

Myers v. Hertz Corp.,
    No. 02-CV-4325 (BMC)(MLO), 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24,
    2007) ...................................................................................................................... 8

White v. Osmose, Inc.,
    204 F. Supp. 2d 1309 (M.D. Ala. 2002) ............................................................... 4

**STATUTES**

29 U.S.C. § 255 ............................................................................................................. 5

**OTHER AUTHORITIES**

Local Rule 6.3 ........................................................................................................... 2, 3

Rule 23 ...................................................................................................................... 4, 5

Rule 23(a)(4) ................................................................................................................. 4

## PRELIMINARY STATEMENT

Defendant Hofstra University ("Hofstra") respectfully submits this Reply Memorandum of Law in Further Support of its motion for reconsideration and/or reargument of this Court's August 14, 2008 Order (the "Order") granting in part and denying in part the motion for conditional class certification brought by Plaintiff Lauren Summa ("Summa") and opt-in Plaintiffs Emily DeGaglia, Lynn Ann Sumner, and Dawn Sumner (the "opt-in Plaintiffs" and, collectively with Summa, "Plaintiffs").

## ARGUMENT

### I.  THE COURT SHOULD RECONSIDER AND REVISE ITS AUGUST 14, 2008 ORDER

#### A. The New Evidence Indicates That Summa Cannot Serve As A Class Representative.

As discussed in Hofstra's moving brief, the Order should be reconsidered in light of newly-discovered evidence consisting of timesheets Summa submitted in connection with her various jobs at Hofstra which contain several inconsistencies. (Hofstra Br. at 1-6) This evidence raises questions about Summa's integrity and her ability to serve as class representative, given that the evidence implicates unique defenses that relate solely to Summa, potentially shifting the focus of the litigation at the expense of purported class-wide issues.

In response, Plaintiffs do not dispute that the timesheets contain the aforementioned inconsistencies and admit that Summa did not accurately record the particular hours that she worked on those timesheets. (Pls. Opp. Br. at 5) Instead, Plaintiffs attempt to excuse Summa's behavior and to minimize the impact that this evidence should have on this proceeding. None of Plaintiffs' arguments have any merit.

First, Plaintiffs suggest that the evidence is not "new" because the records demonstrating Summa's apparent fraudulent timekeeping have been in Hofstra's possession for over two years.

1

(Pls. Opp. Br. at 3) Remarkably, Plaintiffs ask the Court to ignore this evidence and to blame Hofstra for its purported "failure to diligently review internal documents" – i.e., Hofstra should have discovered this dishonesty earlier, apparently by assuming that Summa would submit falsified timesheets so that it would be at the ready to spot her dishonesty at a moment's notice. Hofstra had no reason to doubt the accuracy of Summa's timesheets until, in the course of this lawsuit, those documents were reviewed as part of the discovery process. Upon discovering the inconsistencies in Summa's time entries, Hofstra commenced an investigation of the matter, and also endeavored to promptly bring this information to the Court's attention.[1] Plaintiffs' suggestion that there has been any undue delay, or that Hofstra somehow sat on its rights by not suspecting Summa's behavior before it had any reason to, does not merit serious consideration, and the Court's acceptance of this newly-discovered evidence would by no means constitute a "second bite at the apple," as Plaintiffs mistakenly argue.

Second, Plaintiffs proffer a purportedly innocent explanation for the inconsistent time entries on Summa's records, but that explanation does not withstand scrutiny. Plaintiffs assert that Robin Zimmerman, the Senior Executive Secretary in the Curriculum and Teaching Department at Hofstra where Summa worked, directed Summa "to enter all work performed after business hours as work performed during business hours," because otherwise the payroll department would not approve Summa's non-business hours worked (i.e., nights, early mornings, weekends and holidays). (Pls. Opp. Br. at 5) This simply is not true. As Ms. Zimmerman's affidavit states, she never told Summa to record her time in this manner and in fact has always advised students to accurately record their hours.[2] (See Zimmerman Aff., ¶¶ 2, 3) That advice is

---

[1] Given the number of double entries Defendant has already uncovered, Defendant is continuing its investigation.

[2] In connection with this Reply, we hereby request the Court's permission pursuant to Local Rule 6.3 to submit an affidavit from Robin Zimmerman to address Summa's September 11, 2008 affidavit.

consistent with the explicit directive contained in Hofstra's Handbook and on the timesheets themselves, which state: "[t]he undersigned certifies that this is a <u>true record</u> of the <u>days and hours worked</u>" – a directive Summa admits she did not follow. (9/12/08 Christopher Davis Decl., Ex. A) (emphasis added).[3]

Indeed, Summa's explanation is belied by the very timesheets on which she represented, by her signature, the accuracy of the hours she claimed to have worked. For example, if Summa is to be believed – i.e., that she did in fact work all of the hours she reported on her timesheets, only at different times than she recorded on the sheets – this would mean that, between her position in the Curriculum and Teaching Department and her position in the Public Safety Department, she worked 21 hours on July 7, and 22.5 hours on July 8 – i.e., for a two-day span, she reported working 43.5 out of the 48 hours.[4] This seemingly impossible work schedule is not explained by Summa's claim that she needed to record double-entries to satisfy the payroll department.[5]

Third, Plaintiffs argue that Summa's credibility and integrity are not relevant because "adequacy of class representation and commonality of claims and defenses" is a consideration in Rule 23 class actions and not in FLSA collective actions. Plaintiffs are incorrect. As courts have

---

[3] While Defendant noted four examples of Summa's double entries in it moving brief, the record evidence indicates that this practice was in no way limited to these four examples nor to the summer of 2006.

[4] We also request the Court's permission pursuant to Local Rule 6.3 to submit an affidavit under seal from Evelyn Miller-Suber, attesting to the fact that these records are maintained by Hofstra through its normal course of business.

[5] Plaintiffs also attempt to excuse Summa's dishonest time-entries with the explanation that she was able to perform some of her work related to her job in the Curriculum and Teaching Department at the same time as she performed her Public Safety job (i.e., she would sit at her assigned security desk while doing work for her other job, and get paid for both). Plaintiffs assert that this conduct is perfectly legitimate, because "a review of [Hofstra's] student employee manual fails to demonstrate any policy which prohibits Summa's practice of working two jobs at once." (Pls. Opp. Br. at 6) Plaintiffs cannot be serious, given that their argument for conditional class certification was largely premised on the policy in that very handbook which prohibits students from holding two campus jobs simultaneously. Obviously, if students are prohibited from holding two positions at the same time, by definition they are also prohibited from doing the work of two jobs at the same time.

held, "[a]lthough FLSA § 16(b) does not expressly incorporate Rule 23(a)(4)'s adequacy-of-representation requirement, the adequacy of a class counsel or a class representative is not necessarily irrelevant in a putative FLSA § 16(b) collective action because the court has an inherent interest in ensuring that opt-in plaintiffs are adequately represented." Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 682 (D. Kan. 2004); see also White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002) (noting that adequacy of class representative was called into question due to an inherent conflict between the two groups of potential plaintiffs). This point was echoed in Hoffmann v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997), a case cited by Plaintiffs, where the court stated that:

> FLSA collective actions are still representative actions and, given that individuals who "opt in" to this proceeding will most likely be represented by the named-plaintiffs' counsel, the Court has an equitable interest in ensuring that they are adequately represented.

982 F. Supp. at 263. Thus, Plaintiffs' contention that "applicable case law" precludes consideration of the adequacy of a class representative in a FLSA collective action is contradicted by the above-cited applicable case law.

Not only are Plaintiffs wrong in their reference to precedent, their position simply makes no sense. Plaintiffs' reliance on the purported distinction between Rule 23 class actions and FLSA collective actions is a clear instance of elevating form over substance. Whatever differences there are between these two procedural mechanisms for class-based adjudication, those differences surely do not require a court to disregard the peculiar issues surrounding a class representative's claim or the defenses thereto and the impact that those unique issues and defenses would likely have on that plaintiff's ability to represent the class. With this new evidence, there can be no serious question that litigation of Summa's claims will be very much focused on her apparent dishonesty, and will involve a detailed factual inquiry into her own day-

4

to-day tasks, functions, and recordkeeping. Regardless of any technical distinctions between Rule 23 and FLSA § 16(b), in this case putative class members will not be well-served in the prosecution of their claims with Summa as their representative.

Finally, Plaintiffs argue that Summa's disqualification as class representative would not impact the case because any of the opt-in Plaintiffs could replace her in that role. Plaintiffs are incorrect. First, Plaintiffs assert that the opt-in Plaintiffs' claims are not time-barred, but this is true only if they receive the benefit of a three-year statute of limitations, which is available only if Plaintiffs can establish a willful violation of FLSA by Hofstra – and there is no evidence suggesting any such willfulness. See 29 U.S.C. §255. Second, even if the opt-in Plaintiffs' claims were not time-barred, it is undisputed that all three ceased to serve as student assistants in May 2005 or earlier. The conditionally certified class, however, consists of student assistants from August 2005 to the present. In other words, the opt-in Plaintiffs are not even part of the conditionally certified class and thus are not similarly situated to the putative class members. In these circumstances, the three opt-in Plaintiffs clearly could not serve as class representatives.

**B.    It Is Appropriate At This Stage Of The Litigation For The Court To Determine Whether Putative Plaintiffs Are "Employees" Subject To The Act.**

As discussed in Hofstra's moving brief, the class proposed by Plaintiffs includes extracurricular participants and interns who receive a stipend or some other form of alternative remuneration (such as housing or tuition) – as opposed to the hourly-paid student employees – and, as such, these student assistants are not "employees" under the FLSA. (Hofstra Br. at 6) Under the Second Circuit's reasoning in In re Initial Pub. Offering. Sec. Litig., 471 F.3d 24 (2d Cir. 2006) ("In re IPO"), as applied in the FLSA collective action context in Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459 (S.D.N.Y. 2008), it is appropriate for the Court to consider such a "merits" question when deciding whether class treatment is appropriate to the

5

extent that those considerations are relevant to the class certification analysis.

In their opposition brief, Plaintiffs argue that this Court should not follow <u>Amendola</u> because that decision conflicts with other district court cases. However, <u>Amendola</u> expressly noted that prior FLSA cases declined to consider any issues related to the "merits" but that a sound reading of <u>In re IPO</u> compels the conclusion that the reluctance to engage "merits" issues in those prior cases was based on suspect reasoning.[6] 558 F. Supp. 2d at 467 n.9. The mere fact that prior cases conflict with <u>Amendola</u> certainly is no basis for disregarding that decision, particularly when its rationale is directly applicable here.

Plaintiffs further argue that if the Court were to address this "merits" issue, it would conclude that under the <u>Walling</u> Factors, putative plaintiffs are "employees" under the Act. (Pls. Opp. Br. at 11-12) However, Plaintiffs base this conclusion on an analysis of student positions that are not at issue in this case. Specifically, Plaintiffs' "analysis" expressly pertains to the office assistants, computer assistants, and other positions listed in Plaintiffs' brief which are hourly-paid student employee positions that Hofstra has always treated as being subject to the FLSA. Plaintiffs do not address the positions that <u>are</u> at issue here – <u>i.e.</u>, the athletic team managers, student mentors, orientation counselors, band musicians and other extracurricular participants and interns who are not hourly-paid (because they are not "employees") but instead receive a stipend or some other form of remuneration.[7] Thus, Plaintiffs' argument about the

---

[6] The sole case cited by Plaintiffs that post-dates <u>Amendola</u> is <u>Mendoza v. Casa De Cambio Delgado, Inc.</u>, No. 07-2579, 2008 U.S. Dist. LEXIS 61557, *5 (S.D.N.Y. Aug. 12, 2008), which does not address the propriety of considering "merits" questions at this stage (because the issue was not raised in that case) and merely notes, in passing, that "it is not necessary" for a court to do so. <u>Id.</u> at 5.

[7] These positions are at issue only because they are the positions encompassed by the Order in its current form, as opposed to the hourly-paid student employee jobs which are the subject of Plaintiffs' analysis under the <u>Walling</u> Factors that are not covered by the Order. But this should not be taken as a concession that the class in its current form is appropriate; for the reasons discussed herein and in Hofstra's moving brief, it was incorrect to include these disparate positions in a single class.

6

status of student assistants under the FLSA is superfluous and irrelevant.

      C.    **The Risk Of Individualized Inquiry With Respect To Each Putative Plaintiff's Status As An "Employee" Under The FLSA Precludes Collective Treatment Of This Action.**

As discussed in Hofstra's moving brief, collective treatment is particularly inappropriate in this case because the proposed class is comprised of student assistants who participate in extracurricular activities and/or internships in a wide variety of diverse positions. (Hofstra Br. at 9) Due to the disparate roles included in the proposed class, the Court would be compelled to make an individualized, highly fact-intensive determination with respect to each position – and likely with respect to each individual within each position – as to whether he or she even is an "employee" under the FLSA and then if any of the other traditional FLSA exemptions apply. As courts in this Circuit and others regularly hold, where this kind of particularized, fact-intensive analysis will be necessary to determine each plaintiff's status under the Act, collective treatment is not appropriate. (See Hofstra Br. at 10-12, citing cases) Reconsideration of the Order is warranted because the Order did not address this substantial body of precedent.

Notably, in their opposition brief, Plaintiffs do not dispute that the conditionally certified class encompasses a wide breadth of positions and roles or that student assistants perform a multitude of different tasks that can vary widely across positions (ranging from athletic team managers to student mentors to band musicians) and even within positions, depending on a variety of factors such as department, supervisor, subject matter with which they interact, level of education, expertise, and achievement. (See 2/15/08 Miller-Suber Aff. ¶¶ 9-10) It is therefore undisputed that for each position within the proposed class, and even for each individual within each position, adjudication of Plaintiffs' claims would require a particularized legal and factual analysis to determine whether he or she is an "employee" under the FLSA, and thus collective treatment is inappropriate.

7

Rather than address this point, Plaintiffs instead offer a series of baseless arguments and gross mischaracterizations of the case law. First, Plaintiffs simply assert that whether putative plaintiffs are statutory employees is a "merits" question which is not appropriately before the Court at this time. (Pls. Opp. Br. at 9-10) Even assuming this is correct (which it is not, as discussed supra at Point I.B), Plaintiffs mischaracterize the relevant principle: the Court need not decide the merits to recognize that the individualized inquiry necessary to determine "employee" status precludes collective treatment. This is a widely-accepted principle. (See Hofstra Br. at 10-12, citing cases). Accordingly, Plaintiffs' assertions about when it is appropriate to decide "merits" issues are irrelevant.

Second, Plaintiffs ask the Court to disregard the above-referenced cases cited by Hofstra on the ground that these cases "are routinely distinguished by courts of this jurisdiction." (Pls. Opp. Br. at 14) In support of this blanket assertion, Plaintiffs cite precisely two district court cases (which, of course, are entitled to no more weight than the cases they purportedly reject). Plaintiffs then claim that the rest of Hofstra's cases are "distinguishable" on the ground that they are from outside this jurisdiction – ignoring Myers v. Hertz Corp., a decision which references and applies an earlier ruling in that case by Judge Hurley which is directly apposite here.[8] In short, Plaintiffs cannot "distinguish" or otherwise challenge the vast body of authority cited by Hofstra which supports reconsideration of the Order.

Third, Plaintiffs' attempt to distinguish Bunyan v. Spectrum Brands, Inc., No. 07-CV-0089-MJR, 2008 U.S. Dist LEXIS 59278 (S.D. Ill. July 31, 2008), is unavailing. Plaintiffs cite the fact that the motion for conditional certification in Bunyan was decided after 15 months of

---

[8] In Myers v. Hertz Corp., No. 02-CV-4325 (BMC)(MLO), 2007 U.S. Dist. LEXIS 53572, at *1-2 (E.D.N.Y. July 24, 2007), Judge Cogan noted this Court's earlier decision denying conditional class certification and notice on the ground that liability as to each putative plaintiff depended on whether that plaintiff was correctly classified as exempt and would require a fact-intensive inquiry into each potential plaintiff's employment status.

8

discovery prompting the court to apply a level of scrutiny to the class certification motion in that case that would not be applied here after 5 months of discovery. (Pls. Opp. Br. at 14-15) Plaintiffs' analysis is flawed, however, because the court in Bunyan conducted its analysis under both the first stage and the second stage standards. Id. at *17-29. More importantly, Plaintiffs' contention is misguided because the amount of discovery conducted in Bunyan had nothing to do with the principle articulated in that case and applicable here – namely, that the court should consider issues related to the "merits" on a motion for conditional class certification, even without deciding them, where it is clear that the existence of those issues strongly weigh against collective treatment. Id. at 27 n.5.

## II. THE COURT SHOULD ORDER THAT PLAINTIFFS' PROPOSED NOTICE CONFORM TO THE CONDITIONALLY CERTIFIED CLASS.

As discussed in Hofstra's moving brief (at 13-14), the Court did not order modification of the notice proposed by Plaintiffs, resulting in a notice directed to a class that is broader than the conditionally certified class. Absent modification, notices will be sent to individuals who are not members of the proposed class causing needless cost and confusion.

In their opposition brief, Plaintiffs do not dispute that the notice is overbroad. Rather, Plaintiffs argue that Hofstra failed to object to Plaintiffs' proposed notice in its opposition to Plaintiffs' underlying motion for conditional certification. (Pls. Opp. Br. at 16) That is not correct. The very basis of Hofstra's opposition to Plaintiffs' motion for conditional class certification was (and is) that the proposed class was inappropriate; obviously, in opposing Plaintiffs' motion, Hofstra also objected to the proposed notice that reflected the class as defined by Plaintiffs. Of course, there was no way for Hofstra to object to the notice the Court ultimately would approve until the Court had decided the motion, and therefore, in its brief in opposition to Plaintiffs' motion (at n.3), Hofstra expressly reserved the right to submit a proposed notice in the

9

event that the Court granted Plaintiffs' motion. However, the Court did not afford Hofstra the opportunity to do so, instead deciding the motion and approving Plaintiffs' proposed notice in a single Order. Thus, Plaintiffs' contention that Hofstra somehow "waived" its right to object to the notice by not raising the issue is simply incorrect.

Plaintiffs also do not dispute that the proposed notice would cause needless cost and confusion. Plaintiffs simply assert that Hofstra should not be permitted to determine which putative plaintiffs fall within the scope of the conditional class as defined by the Order. Not surprisingly, Plaintiffs do not cite any authority in support of their position. There is no basis in law, fact, or reason for a notice to be broader than the scope of the class, and therefore the Court should order the requested modification of the proposed notice.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendant's moving brief, this Court should reconsider and reverse the August 14, 2008 Order.

By: s/ Elise M. Bloom
Elise M. Bloom
Brian J. Gershengorn
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900

Email: ebloom@proskauer.com
*Attorneys for Defendant*

Dated: New York, New York
      September 24, 2008

10