UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LAUREN E. SUMMA, on behalf of herself individually,
and on behalf of all similarly situated employees,

                         Plaintiffs,

                                     **ORDER**
        -against-                           CV 07-3307 (DRH)(ARL)

HOFSTRA UNIVERSITY,

                         Defendant.
-----------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is a motion for reconsideration of the undersigned's August 14, 2008 (the

"Order") filed by defendant Hofstra University's ("Hofstra") pursuant to Local Rule 6.3 and Rule

59(e) of the Federal Rules of Civil Procedure.  Simultaneous to filing its motion for

reconsideration, Hofstra also filed an appeal of the Order to District Judge Hurley pursuant to

Rule 72(a) of the Federal Rules of Civil Procedure.  For the foregoing reasons, Hofstra's motion

for reconsideration is denied.

      By way of background, the Order conditionally certified a collective action pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The court ordered that the conditional

class shall consist of "all Hofstra Undergraduate or Graduate Assistants within the past three years

who did not receive the prevailing minimum wage and/or overtime compensation."  The Order

further directed Hofstra to produce the names and last known addresses of individuals employed

by Hofstra as Undergraduate or Graduate Assistants since August 2005.[1]  Hofstra now requests

---

[1] On September 22, 2008, the undersigned stayed the production of the names and
addresses of the putative class pending resolution of the foregoing motion and appeal to District
Judge Hurley.  In rejecting plaintiff's argument that delaying such production would limit
recovery under the statute of limitations, the court stated that plaintiffs are "free at the
appropriate time to file a motion to equitably toll the statute of limitations for the time spent
resolving" the foregoing motion and appeal.  (*See* Docket Entry 62.)

reconsideration of the Order on the basis of: (1) newly discovered evidence that allegedly raises questions about plaintiff Lauren Summa's ("Summa") ability to serve as class representative; and (2) recent contrary legal authority.

As an initial matter, Hofstra's appeal to District Judge Hurley does not necessarily prevent the undersigned from reconsidering the Order.  Judicial economy may counsel against parallel proceedings before both a magistrate judge and a district court judge.  *See In re Application of the U.S. for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device*, 396 F. Supp. 2d 294, 303 (E.D.N.Y. 2005).  However, a Rule 72(a) appeal does not divest a magistrate judge of the power to decide a motion for reconsideration because there is no analogous rule to that where a district court is divested of jurisdiction by appeal to the Court of Appeals.  *See id.* at 302-03 (comparing  *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004)).  Further, Hofstra filed its appeal to District Judge Hurley on a separate legal basis than the foregoing motion for reconsideration.  (*See* Docket Entry 50 (arguing that the undersigned's order was clearly erroneous and contrary to law).)  As explained below, Hofstra raises legitimate issues with the Order, and the court elects to reconsider the Order while appeal to District Judge Hurley is still pending.

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* FED. R. CIV. P. 59(e); Local Rule 6.3.  "A motion for reconsideration, however, does not provide a forum for the non-prevailing party to reargue issues that the Court has already decided."

2

*Herschaft v. New York City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 285 (E.D.N.Y. 2001) (citations omitted).

**I.    Appropriateness of Conditional Class Certification**

Turning to Hofstra's second argument first, Hofstra claims that recent legal authority requires the court to review the merits of an FLSA claim at the conditional class certification stage.  As the court explained in the Order, courts typically apply a two-part class process to FLSA certification: first, the court determines whether the proposed class is "similarly situated;" if so, the court conditionally certifies the class and next reviews the record again after the completion of discovery.  (*See* Docket Entry 50 at 3-5 (citations omitted).)  At the first stage, the court does not conduct a searching review of the record nor does it typically reach the merits, but rather the court determines whether the plaintiff has made a sufficient showing to conditionally certify the class and allow the plaintiff to conduct additional discovery.  (*See id.* at 3-4 (citations omitted).)  The court thus conditionally certified the class because it found that Summa had made a sufficient preliminary showing that she and the putative class members are similarly situated. (*See id*. at 6-7.)

In rendering the Order, the court did not reach Hofstra's argument that the putative class are not "employees" within the definition of the FLSA.  The court instead held that this question went to the merits of the action and would be addressed at the close of discovery.  (*See id*. at 7-8.) Hofstra argues that the court should reconsider this decision and cites more recent authority that suggests that it is sometimes appropriate for the court to "scrutinize the merits" at the initial stage of FLSA class certification.  *See Amendola v. Bristol-Myers Squibb, Co.*, 558 F. Supp. 2d 459, 467 n.9 (S.D.N.Y. 2008).  The court has reconsidered the Order and agrees with Hofstra it was appropriate to examine this question at the initial stage of class certification.  Even under the

previously articulated, less-searching standard that the court applied, this is a threshold issue that goes to whether Summa has met her burden in showing that the putative class are "similarly situated" under the FLSA. The court therefore now reconsiders Hofstra's arguments regarding whether the putative class are similarly situated so as to warrant conditional certification.

"It is well settled that district courts have the discretion whether to authorize the sending of notice to potential class members and direct an employer defendant to disclose the names and addresses of similarly situated potential plaintiffs in a collective action brought pursuant to section 216(b) of the FLSA." *Prizmic v. Armour, Inc.*, No. CV 05-2503 (DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (citations omitted); *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). For the reasons given in the Order, Summa has made a sufficient showing that the putative class were subject to Hofstra's common policy of paying undergraduate and graduate assistants below minimum wage. (Docket Entry 50 at 3-5.) Hofstra nonetheless argues that conditional class certification is inappropriate because the putative class involves a variety of diverse positions at the university, some of which may be exempt under the FLSA. Hofstra thus cites a bevy of cases where courts denied conditional class certification because a determination of employees' status under the FLSA involved a highly fact-sensitive, individualized inquiry into each putative class member. (Docket Entry 52 at 10-12 (citations omitted).)

The court notes that Summa has already excluded from the putative class any student volunteers or interns that would clearly be excluded from the FLSA. (*See* Docket Entry 37 at 4.) As for the remaining undergraduate and graduate assistants, the burden rests with Hofstra to show that they are exempt from the FLSA. *See Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008) (citation omitted). The Supreme Court has stated that "the FLSA . . .

4

defines an 'employee' to include 'any individual employed by an employer,' it defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing 52 Stat. 1060, § 3, codified at 29 U.S.C. §§ 203(e), (g)). The Supreme Court further noted the "striking breadth" of this definition, which "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Id.* (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)).

Hofstra argues that some or all of the putative class are trainees or students and not employees pursuant to *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947), and the so-called "*Walling* factors" that were established by the Wage and Hour Division of the Department of Labor. This test states that:

> Whether trainees or students are employees of an employer under the Act will depend upon all of the circumstances surrounding their activities on the premises of the employer. If *all* of the following criteria apply, the trainees or students are not employees within the meaning of the Act:
>
> (1) the training, even though it includes actual operation of the facilities of the employer, is similar to that which would be given in a vocational school;
> (2) the training is for the benefit of the trainees or students;
> (3) the trainees or students do not displace regular employees, but work under their close observation;
> (4) the employer that provides the training derives no immediate advantage from the activities of the trainees or students; and on occasion his operations may actually be impeded;
> (5) the trainees or students are not necessarily entitled to a job at the conclusion of the training period; and
> (6) the employer and the trainees or students understand that the trainees are not entitled to wages for the time spent in training.

*Archie v. Grand Cent. Partnership, Inc.*, 997 F. Supp. 504, 531-32 (S.D.N.Y. 1998) (quoting WAGE & HOUR MANUAL (1980)) (emphasis in original); *see also* U.S. Dept. of Labor Opinion

Letter Student Externs/FLSA Applicability, FLSA 2006-12 (Apr. 6, 2006), *available at* http://www.dol.gov/esa/WHD/opinion/FLSA/2006/2006_04_06_12_FLSA.pdf.  The court notes that Hofstra, which relied heavily upon the *Walling* factors in its memorandum of law in opposition to Summa's motion for conditional class certification, failed to address the fact that this test requires that *all* six factors must be met for a student to be classified as not an employee.

Based upon the current record, and for the reasons stated in the Order, Hofstra has not met its burden in showing that the putative class would fail this test.  Of course, nothing precludes Hofstra at the appropriate time from making a motion to exclude class members in the form of a motion for summary judgment.  Further, the court does not agree with Hofstra that this inquiry is so onerous as to prevent conditional certification.  Although this inquiry may require some particularized findings, it is clear that certain groups of individuals (e.g., athletic team managers, orientation counselors, etc.) will share a common sets of determinative facts.  For example, if the putative class can show that a subgroup of purported employees received training that was for the benefit of Hofstra rather than for the benefit of the students, than this subgroup would meet its burden under the second of the *Walling* factors and be deemed employees.  In keeping with the spirit and purpose of the FLSA, such a determination would best be made at the close of discovery with the benefit of a fully developed record.  The court thus exercises its discretion and again finds that conditional class certification is appropriate.

**II.    Appropriateness of Summa as Class Representative**

Hofstra also argues that evidence discovered in the pendency of the Order "calls into question Summa's integrity and ability to serve as a class representative" because it raises defenses that are unique to Summa alone.  In particular, Hofstra claims that it discovered

evidence that shows that Summa submitted fraudulent time sheets.  Hofstra contends that these time sheets were in contravention of Hofstra's student handbook, which as a result of such a violation provides for disciplinary action including dismissal.  Even if Hofstra's allegations are true and Summa is an inappropriate class representative, the court fails to see why this would preclude conditional class certification.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a class representative must "fairly and adequately protect the interests of the class."  As such, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation" because "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."  *Gary Plastic Packaging Corp. v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990).  Given that the entire class has not been identified, let alone certified, Hofstra has failed to show that any defenses that are unique to Summa would hinder the putative class from eventual recovery.  Hofstra has also failed to show why this defense would negate the putative class's underlying claim that it was entitled to pay at the prevailing minimum wage.  In other words, this issue goes to Summa's recovery, if any, rather than the question of whether Hofstra has violated the FLSA.

Rather than being preoccupied with Hofstra's claim that Summa submitted inaccurate time sheets, Summa and her counsel have shown a determination to push forward with the putative class's FLSA claims.  To deny the putative class at this stage would thus frustrate the remedial purpose of the FLSA.  *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (holding that the FLSA is construed by the courts "liberally to apply to the furthest reaches consistent with congressional direction") (internal quotation marks and citation

7

omitted).  Also, as a practical matter, even if Summa were to be deemed an inappropriate class representative, the proper eventual remedy would be for the court to consider a motion to substitute her as class representative prior to certification.  Summa has already produced three opt-in plaintiffs, and Summa's counsel suggests that there are many more potential class members.  Although Hofstra claims that the three opt-in plaintiffs do not fall within the putative class, further discovery may reveal a more apt class representative if Summa does not meet the requirements under Rule 23(a)(4).  Accordingly, Hofstra's motion for reconsideration is denied.

## III.    Proposed Modification of the Class Notice

Finally, Hofstra argues that the notice should be altered to include only those Graduate and Undergraduate Assistants who were not paid at the prevailing minimum wage and/or overtime compensation.  As stated in the Order, the court has broad discretion to determine the form of the notice and its specific provisions, and Hofstra failed to object to Summa's proposed notice.  (*See* Docket Entry 50 at 11.)  Hofstra has not shown that the court overlooked any controlling law or facts, and essentially uses the motion for reconsideration as a vehicle to raise new arguments for the first time.  Further, even if the court were to now consider these arguments, the court is convinced that the notice is a proper exercise of its discretion.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.").  The notice ensures that any potential class members will receive an opportunity to opt in, and the notice is not so overly broad as to create confusion or an undue burden upon Hofstra.  Accordingly, Hofstra's motion is denied.

**Conclusion**

For the reasons given, Hofstra's motion for reconsideration is denied in its entirety.

Dated: Central Islip, New York                          **SO ORDERED:**
       December 24, 2008

                                    _____/s/_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge