

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

January 10, 2011

**VIA ECF**

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>Summa, et. al. v. Hofstra University, No. 07 Civ. 3307 (DRH)(ARL)</u>

Dear Judge Hurley:

We represent Plaintiffs in the above-referenced matter and write, pursuant to Your Honor's Individual Rule 3(B), to request a pre-motion conference seeking leave to file a motion under Fed. R. Civ. P. 56 for summary judgment on the issue of Defendant Hofstra University's ("Hofstra," "the University" or "Defendant") liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et. seq.*

**Background**

On August 9, 2007, Plaintiff Lauren E. Summa commenced this action on behalf of herself and others similarly situated against Hofstra alleging violations of the FLSA's minimum wage and overtime provisions with respect to students employed by Hofstra in various Undergraduate and Graduate Assistant positions throughout the University.

On August 14, 2008, Judge Lindsay conditionally certified a collective action pursuant to 29 U.S.C. §216(b) of all persons employed by Defendant as Undergraduate and Graduate Assistants, within the past three years, who were not paid federal minimum wage and did not receive overtime compensation.[1]  Defendant appealed the August 14, 2008 Order, and the Court, by Order dated September 22, 2008, stayed discovery until resolution of the appeal.  Your Honor

---

[1] On December 24, 2008, Judge Lindsay denied Hofstra's motion for reconsideration of its August 14, 2008 Order conditionally certifying a collective action.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. Denis R. Hurley
January 10, 2011
Page 2

affirmed Judge Lindsay's Order on June 1, 2010 in all but one respect, which involved the content of the proposed notice of consent forms. Further, by Order dated July 12, 2010, Judge Lindsay tolled the statute of limitations to August 2005 on Plaintiffs' FLSA claims and authorized the mailing of Plaintiffs' notice of consent forms to all Undergraduate and Graduate Assistants employed by Hofstra from August 2005 through the present. To date, 256 individuals have opted in and filed their consents to participate in this matter.

While Hofstra is a private, nonsectarian, coeducational university that employs students in various school departments, it does not classify any category of student employee as exempt and maintains that it is compliant with the minimum wage and overtime provisions of the FLSA. However, Plaintiffs were unlawfully denied both minimum wage and/or overtime pay despite their nonexempt status during their tenure as student employees. Defendant's wage and hour failures stem from a common practice of failing to enforce four policies: (1) a policy entitling students to the federal minimum wage, (2) a "one job per student" policy, (3) part-time employee status for all Undergraduate and Graduate Student requiring no more than 25 hours of employment per week, and (4) a policy prohibiting overtime without approval for all hours worked past 40 hours. Hofstra failed to monitor or enforce these policies and created a widespread and well-known practice of violating the FLSA, with respect to both the prevailing minimum wage and overtime provisions.

**Basis for Summary Judgment Motion**

There is no genuine issue of material fact present with respect to Defendant's liability under the FLSA. Plaintiffs were employees of Defendant, were non-exempt under the provisions of the FLSA and Defendant failed to pay Plaintiffs minimum wage and overtime. For this reason, rather than engage in unnecessary discovery at this stage of the litigation, Plaintiffs seek permission to move for partial summary judgment on Defendant's liability under the FLSA and move forward with discovery on Defendant's damages.

Fed. R. Civ. P. 56 permits a party to move for summary judgment "at any time." Fed. R. Civ. P. 56(b). "The party seeking summary judgment bears the burden of showing that no genuine factual dispute exists." *XL Specialty Ins. Co. v Agoglia*, No. 08 Civ. 3821(GEL), 2009 WL 1227485 (SDNY Apr. 30, 2009) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). However, where it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution, summary judgment may be granted notwithstanding the absence of discovery. *Wells Fargo Bank Northwest, N.A. v Taca Intern. Airlines, S.A.*, 247 F Supp 2d 352, 360 (SDNY 2002) (citing *Gottlieb v. County of Orange*, 84 F.3d 511, 519 (2d Cir. 1996)). In support of their motion, Plaintiffs will present affidavits from these individual employees which establishes Defendant's liability.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. Denis R. Hurley
January 10, 2011
Page 3

A review of the exemptions to the FLSA clearly establishes that Plaintiffs, as students employed by a University, are non-exempt from the provisions of the FLSA. *See* 29 U.S.C. §213. However, to the extent Defendant may allege (as they did in opposing conditional certification) that the students are not employees pursuant to *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947), and the "*Walling* factors" established by the Wage and Hour Division of the Department of Labor,[2] Defendant cannot establish all six factors for a student to be classified as not an employee. Based on *Walling*, the Wage and Hour Division developed six factors to evaluate whether "a trainee, intern, extern, apprentice, graduate assistant, or similar individual is to be considered an employee" of the University or company that sponsors them. As Plaintiffs will establish, an *ad hoc* evaluation of each Plaintiff would be unnecessary as Plaintiffs' jobs were not similar to a vocational school, were more to the benefit of Defendant than themselves and required little to no training and supervision.

Furthermore, to the extent Defendant will attempt to segregate out of the collective action employees that were paid a stipend rather than hourly to demonstrate that they were not employees, this argument too will fail. In *Marshall v. Marist College*, No. 74 Civ. 4713 (LP), 1977 WL 869, 2 -3 (S.D.N.Y. June 30, 1977), the Court, in assessing the entire relationship between the defendant college and the Resident Coordinators and Resident Advisors, who were stipend employees, held "[i]n the instant case, the primary function of the RC-RA work experience is to benefit the school through the maintenance of discipline, morale and security. The RCs and RAs themselves benefit indirectly through the performance of their respective roles" and "were employees within the meaning of the Act."

Based on the foregoing, Plaintiffs respectfully request the Court schedule a pre motion conference to discuss the above issues and set a briefing schedule for Plaintiff's motion for summary judgment.

Respectfully submitted,

Douglas H. Wigdor

cc:   Elise Bloom, Esq. (via ECF)

---

[2] The *Walling* factors are as follows: (1) the training, even though it includes actual operation of the facilities of the employer, is similar to that which would be given in a vocational school; (2) the training is for the benefit of the trainees or students; (3) the trainees or students do not displace regular employees, but work under their close observation; (4) the employer that provides the training derives no immediate advantage from the activities of the trainees or students; and on occasion his operations may actually be impeded; (5) the trainees or students are not necessarily entitled to a job at the conclusion of the training period; and (6) the employer and the trainees or students understand that the trainees are not entitled to wages for the time spent in training. *See* DOL Opinion Letter, Students in University Externship Program and Employment Relationship, FLSA 2006-12, at http://www.dol.gov/whd/opinion/FLSA/2006/2006_04_06_12_FLSA.htm.