

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 20, 2011

Elise M. Bloom
Member of the Firm
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By E-Filing**

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   Summa v. Hofstra University - 07 cv 3307 (DRH)(ARL)

Dear Judge Hurley:

We represent Hofstra University ("Hofstra") in the above referenced matter. We write in response to Plaintiffs' counsel's January 10, 2011 letter requesting a pre-motion conference seeking leave to file a motion under Fed. R. Civ. P. 56 for summary judgment. We similarly seek permission pursuant to Your Honor's Individual Rule 3(B) to cross-move under Fed. R. Civ. P. 56 for summary judgment under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et. seq*. Defendant also seeks permission to move to decertify the class should summary judgment not be granted as to any opt-in. The basis for our application is as follows:

By Order dated July 12, 2010, Magistrate Judge Lindsay authorized the mailing of Plaintiffs' notice of consent forms to all Putative Class Members. Plaintiffs' notice of consent forms were sent to 8,615 students and former students – the Putative Class Members. Pursuant to the notice, all opt-in consent forms needed to be postmarked on or before October 12, 2010 in order for Putative Class Members to participate in this matter. Out of the 8,615 Putative Class Members, only 256 individuals, less than 3%, opted in and filed consent forms to participate in this matter.[1] The 256 Putative Class Members who opted into this matter hold or have held specific positions.

Defendant agrees that the issue of liability under the FLSA is ripe for summary judgment; however, as explained below, summary judgment should be entered for Hofstra. In order for Plaintiffs to prevail on their summary judgment motion for liability they must first be able to demonstrate the following: (1) Putative Class Members jobs were not exempt from the FLSA; and (2) Putative Class Members were not adequately compensated pursuant to the FLSA minimum wage laws; and (3) Putative Class Members, where applicable, worked over 40 hours in a work week; and (4) that those who worked over 40 hours were not adequately compensated.

A number of the positions held by the opt-ins are exempt as a matter of law from coverage under the FLSA and therefore summary judgment should be granted in Hofstra's favor as to those

---

[1] Hofstra did not oppose Plaintiffs' request for the Court to accept five (5) Notice of Consent forms which were untimely received. By Court Order dated December 16, 2010, the Court accepted four (4) of the Notice of Consent forms and rejected one Notice of Consent form which was unsigned. The total number of opt-in is 256 or 2.97%.

6264/35283-015 Current/21882081v1

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

**Proskauer»**

The Honorable Denis R. Hurley
January 20, 2011
Page 2

positions and those opt-ins. *See, e.g., Marshall v. Regis Educ. Corp.*, 666 F.2d 1324 (10th Cir. 1981) (student resident assistants are not employees under FLSA); 1 Wage and Hour Law § 3:11 (noting Department of Labor Wage and Hour Division's reversal of position taken in *Marshall v. Marist Coll.*, No. 74-4713, 1977 WL 869, at *2-3 (S.D.N.Y. June 30, 1977) *citing Field Operations Handbook* 10b24. As to the nonexempt positions held by the remaining opt-ins, Hofstra's records clearly demonstrate that the vast majority of the Putative Class Members were paid at or above the applicable minimum wage and/or overtime rate (to the extent Putative Class Members worked overtime) and thus, were properly compensated for all hours worked. Accordingly, Hofstra would be entitled to summary judgment as to these opt-ins.

Based upon the forgoing, Hofstra respectfully requests that Your Honor schedule a pre-motion conference to discuss the Parties' respective requests and set forth a briefing schedule on cross summary judgment motions.

In addition, as to any of the opt-ins for which summary judgment is not granted, Hofstra seeks permission to move to decertify the class. Plaintiffs' conditional class certification was granted earlier in the case at the pre-discovery phase. The pre-discovery phase determination only requires a plaintiff to set forth a *de minimis* modest factual showing that they were/are similarly situated to potential class members and that they and the potential class members were/are victims of a common policy or plan. At this juncture, Plaintiffs' counsel has represented to the Court that no discovery is necessary as to liability. Given that admission, certification as to any of the remaining opt-ins would be judged under the higher standard applied by the Second Circuit to post discovery decertification applications in FLSA cases. *See Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010). Thus, Hofstra requests permission to move to decertify the class should summary judgment not be granted as to any opt-in.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Elise M. Bloom*

Elise M. Bloom


cc: Douglas Wigdor
Dolores Fredrich
Jennifer Mone
Brian Gershengorn