UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LAUREN E. SUMMA, on behalf of herself
individually and on behalf of all similarly
situated employees,

                          Plaintiff,          **MEMORANDUM & ORDER**
   -against-                                    CV 07-3307 (DRH) (ARL)

HOFSTRA UNIVERSITY

                          Defendant.
--------------------------------------------------------X
**APPEARANCES:**

**Thompson Wigdor LLP**
Attorneys for Plaintiff
85 Fifth Avenue
Fifth Floor
New York, New York 10003
By:   Douglas Holden Wigdor, Esq.
       Shaffin Abdul Datoo, Esq.


**Proskauer & Rose LLP**
Attorneys for Defendant
11 Times Square
New York, New York 10036
By:   Brian Jeffrey Gershengorn, Esq.
       Elise M. Bloom, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff Lauren E. Summa commenced this action on behalf of herself individually and on behalf of all similarly situated employees against defendant Hofstra University alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Specifically, plaintiff asserts claims for unpaid wages and overtime compensation, as well as statutory penalties and liquidated damages. By Memorandum & Order dated October 24, 2011, the Court preliminarily approved the parties' settlement and authorized the distribution of notice of the proposed

settlement ("Notice"). Presently before the Court is plaintiff's motion for an order: (1) for final approval of the settlement in this matter, (2) certifying the class for settlement purposes, (3) approving the requested enhancement awards, and (4) approving the attorneys' fees and costs requested. The Court held a fairness hearing on February 17, 2012. Two class members have requested to be excluded from the settlement, but no class member has objected to the settlement. Based upon the plaintiff's papers submitted and the statements made during the fairness hearing, plaintiff's motions are granted.

## I.     *Background and Procedural History*

Plaintiff commenced this action on August 9, 2007, and alleged that defendant failed to pay plaintiff, as well as other similarly situated persons employed by defendant as "Undergraduate or Graduate Assistant" category employees, minimum wage and/or overtime compensation in violation of the FLSA as well as the New York Labor Law § 663. In August 2007, Emily DeGaglia, Lynn Ann Sumner, and Dawn Sumner (collectively, along with plaintiff, the "Party Plaintiffs") consented to join the action. Defendant moved to dismiss plaintiff's New York Labor Law claims and, by letter dated December 20, 2007, plaintiff consented to the dismissal of those claims. Thus, plaintiff's state law claims were dismissed with prejudice by Order dated December 26, 2007.

Plaintiff subsequently filed a motion for conditional certification of a collective action pursuant to the FLSA. By Memorandum & Order dated August 14, 2008, Magistrate Judge Arlene R. Lindsay granted the motion and conditionally certified a FLSA collective action of "all Hofstra Undergraduate and Graduate Assistants within the past three years who did not receive the prevailing minimum wage and/or overtime compensation." (Aug. 14, 2008 Mem. & Order at

2

10.) Defendant moved for reconsideration of Judge Lindsay's August 14, 2008 Order, and simultaneously appealed that Order to this Court pursuant to Federal Rule of Civil Procedure 72(a). On December 24, 2008, Judge Lindsay denied defendant's motion for reconsideration. On June 1, 2010, this Court denied defendant's objections to that portion of Judge Lindsay's August 14, 2008 Order that granted conditional certification.[1] In an Order dated July 12, 2010, Judge Lindsay authorized the mailing of a notice of the collective action to all potential plaintiffs. Subsequently, 256 individuals (in addition to the Party Plaintiffs) opted in to the action (the "Class Members").

    The parties began to negotiate settlement and, to that end, exchanged approximately 2,500 documents that were "relevant to settlement discussions." (Decl. of Shaffin A. Datoo, Esq., dated January 26, 2012 (the "Datoo Decl.") ¶ 18.) Plaintiff's counsel, the law firm of Thompson Wigdor LLP ("Class Counsel"), reviewed these documents "to determine the extent of Defendant's potential liability and damages." (*Id.*) The parties attended two mediation sessions, the last of which took place before Mark Rudy, of Rudy, Exelrod & Zieff, LLP. (*Id.* ¶ 19.) During this mediation session, the parties negotiated and agreed upon a settlement figure for the Class Members, and then negotiated and agreed upon "a maximum figure for Class Counsel's legal fees and costs." (*Id.*) The parties entered into a Joint Stipulation of Settlement and

---

[1] The Court also found that "to the extent that Judge Lindsay, in fashioning the approved notice, may have overlooked the Defendant's request to submit a proposed notice contained in footnote 3 of Defendant's opposition papers, the Court construes this 'objection' as a motion for reconsideration of this issue and remits the matter to Judge Lindsay for a determination." (June 1, 2010 Mem. & Order at 25.) In accordance with this directive, Judge Lindsay afforded defendant "another opportunity to propose a notice consistent with the decisions of this court." (June 9, 2010 Order at 1.) Judge Lindsay resolved all remaining issues with the notice in an Order dated July 12, 2010.

3

Release, dated July 18, 2011 (the "Settlement Agreement"), that contained these agreed-upon terms. (*See* Datoo Decl., Ex. A.)

## II.     *The Settlement Agreement*

Pursuant to the Settlement Agreement, defendant's maximum total payment would be $485,000.00. (*Id.* ¶ 11.) The Settlement Agreement creates a fund of $200,000.00 (the "Claim Fund") from which all Class Members shall receive their allocated proportional share. (Datoo Decl., Ex. A ¶ 12(c).) Before any allocations are made, enhancement awards in the amount of $5,000 for Lauren Summa and $1,000 each for Emily DeGaglia, Dawn Sumner, and Lynn Ann Sumner, as well as all costs of administration, including the costs charged by the Claims Administrator, will be deducted from the Claim Fund. (*Id.*) The remainder of the Claim Fund (the "Net Settlement Amount" or "NSA") will be distributed to Class Members according to the formula set forth in the Settlement Agreement.[2] (*Id.*) Any money distributed from the Claim Fund that is not claimed by Class Members will revert back to defendant. (*Id.*)

In addition to the Claim Fund, the Settlement Agreement designates a maximum amount of $285,000 for payment of attorneys' fees, costs, and expenses to Class Counsel. (*Id.* ¶¶ 12(c), 15.) Defendant has agreed that it will not oppose any attorneys' fee award to Class Counsel in an amount up to $285,000. (*Id.* ¶ 15.) The amount designated as attorneys' fees is intended to

---

[2]     Pursuant to the allocation formula contained in the Settlement Agreement, each Class Member will be classified as having worked in either (a) a stipend position, (b) a stipend and hourly position, or (c) an hourly position. Twenty percent of the NSA payments will be allocated to the first group of Class Members, ten percent to the second group, and seventy percent to the third group. Every Class Member in each of the three groups will receive a percentage of the portion of NSA payments allocated to his or her respective group. That percentage will be calculated by dividing the Class Member's gross earnings by the aggregate amount of gross earnings of all Class Members classified as having worked in that Class Member's group. (Datoo Decl., Ex. A ¶ 12(c)(1).)

compensate Class Counsel for the "work already performed in the Action, and all the work remaining to be performed in documenting the settlement, securing Court approval of the settlement, making sure the settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Action." (*Id.*)

### III.     *Certification of the Class as an FLSA Collective Action for Settlement Purposes*

The Court has determined that the Class Members are similarly situated within the meaning of Section 16(b) of the FLSA, 29 U.S.C. § 216(b), "for the purposes of determining whether the terms of settlement are fair." *See Danieli v. Int'l Bus. Machs. Corp.*, 2009 WL 6583144, at *2 (S.D.N.Y. Nov. 16, 2009). Plaintiff has already submitted evidence in support of its claims that each of the Class Members were "denied the minimum wage and/or overtime for all hours worked in excess of 40 in a single workweek." (Pl.'s Mem. at 8.) Defendant has not objected to certification for purposes of approval of the Settlement Agreement. Accordingly, plaintiff's request that the Court certify the class as an FLSA collective action for settlement purposes is granted.

### IV.     *Approval of the FLSA Settlement*

The settlement of FLSA claims "generally require[s] judicial approval to be effective, because private settlements will not effectuate a valid release." *Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945)). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Khait v.*

5

*Whirlpool Corp.*, 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.*

"The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *Diaz*, 2011 WL 6399468 at *2 (explaining that "[p]arties may elect to opt in to an FLSA collective [action], but the failure to do so does not prevent them from bringing their own suits at a later date") (collecting cases). "Accordingly, the exacting standards for approval of a class action settlement under Rule 23," which are addressed in plaintiff's motion papers at some length, "do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b)." *Id.*

Here, the parties' settlement meets the standard for approval set forth above. The "contested" nature of this litigation is evidenced by defendant's strong opposition to plaintiff's conditional certification motion, and its filing of a motion for reconsideration and appeal of Judge Lindsay's August 14, 2008 Order granting such conditional certification. The parties conducted substantial discovery prior to reaching settlement, including the production and review of approximately 2,500 documents. (Datoo Decl. ¶ 18.) To resolve this case, the parties attended a settlement conference before Judge Lindsay (*see* docket no. 69) as well as two separate mediation sessions with a private mediator (*see* Datoo Decl. ¶ 19.) The parties engaged in arm's length negotiations during these mediation sessions regarding both the settlement figure and Class Counsel's attorneys' fees. (*Id.*) "In FLSA settlements . . . arm's length negotiations involving counsel and a mediator raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion." *Diaz*, 2011 WL 6399468 at *2.

V. *Dissemination of Notice*

Pursuant to the Court's October 24, 2011 Memorandum & Order preliminarily approving the settlement, the Claims Administrator sent Court-approved Notices, Request for Exclusion Forms, and Claim Forms by first-class mail to each of the Class Members. (Aff. of Michael Rosenbaum, dated Feb. 9, 2012 ("Rosenbaum Aff.") ¶ 3.) When two of these mailings were returned by the United States Postal Service as undeliverable, they were re-mailed with corrected addresses. (*Id.* ¶ 4.)

Having reviewed the Notice and materials disseminated to Class Members, (*see id.*, Exs. A & B), the Court finds that the Notice "fairly and adequate advised" Class Members of the settlement terms, their rights to opt-out of or object to the settlement, and to appear at the February 17, 2012 fairness hearing. *See Khait*, 2010 WL 2025106 at *7; *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010). Thus, Class Members were provided with "the best notice practicable under the circumstances." *Willix*, 2011 WL 754862 at *5. Moreover, based on the representations made in the Rosenbaum Affidavit, the Court finds that "distribution of [the] Notice comported with all constitutional requirements, including those of due process." *Id.*

VI. *Enhancement Awards*

The Settlement Agreement provides for the payment of enhancement awards of $5,000 to Lauren Summa and $1,000 each to Emily DeGaglia, Dawn Sumner, and Lynn Ann Sumner. (Datoo Decl., Ex. A ¶ 12(c)(v).) "Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts." *Parker v. Jekyll & Hyde Entm't Holdings, LLC*, 2010 WL 532960, at *1

7

(S.D.N.Y. Feb. 9, 2010); *see also Willix*, 2011 WL 754862 at *7 (noting that enhancement awards are "common" and "important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, [and] the risks incurred by becoming and continuing as a litigant"). Here, each of the Party Plaintiffs reviewed documents with Class Counsel, "explained the relevant and necessary factual information to Class Counsel," and participated in responding to defendant's discovery requests. (Datoo Decl. ¶ 20.)

The amounts sought as enhancement awards, namely, $5,000 for Summa (which represents 2.5% of the Claim Fund) and $1,000 for each of the remaining three Party Plaintiffs (which each represent .5% of the Claim Fund) "are consistent with the range of incentive awards that have been approved in similar wage and hour cases." *Parker*, 2010 WL 532960 at *2 (approving individual enhancement payments ranging up to $15,000, which represented 2% of the settlement fund) (collecting cases). Given the value of the Party Plaintiffs' participation, the Court approves these enhancement awards as appropriate.

## VII.   *Attorneys' Fees and Costs*

An FLSA settlement agreement regarding the payment of attorneys' fees is subject to Court approval. *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010). The "lodestar method" is a "useful tool for cross-checking the reasonableness" of an attorneys' fee award in this context. *Parker*, 2010 WL 532960 at *2; *see also Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512-13 (S.D.N.Y. 2011).

Plaintiff has submitted a chart listing the names of the attorneys who worked on the matter, their respective job titles, and the number of hours each worked on the matter. According to plaintiff, Class Counsel has expended a total of 1,332.3 work hours on this matter. (Datoo

8

Decl. ¶ 23.) Plaintiff has set forth the following "sample hourly rates that have been approved by [other judges in] the Eastern District of New York in prior cases" for each member of Class Counsel: $400 for Founding Partners, $250 for Senior Associates and Associates, and $100 for a Law Clerk (a law school graduate with a pending bar admission) and paralegals. (*Id.*)[3] The lodestar amount is $293,055. (*See id.*) Here, the amount of attorneys' fees actually requested is $279,009.51 in fees, i.e., an amount lower than the lodestar, which tends to favor a finding of reasonableness. *See Parker*, 2010 WL 532960 at *2 (finding attorneys' fees request in an amount that represents 1.55 times the lodestar to be "well within the range of acceptable multipliers").

As plaintiff points out, the fact that the requested attorneys' fees exceed the NSA does not render them unreasonable. *See Allende*, 783 F. Supp. 2d at 511. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Id.* Moreover, defendant has not objected to the amount of Class Counsel's fees – an amount that was negotiated as part of the arm's length settlement discussions. *See Misiewicz*, 2010 WL 2545439 at *5 ("[T]he Court is reticent to disapprove a settlement on the amount of attorney's fees, since both parties [ ] have knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length."). Accordingly, the requested amount of attorneys' fees is approved.

---

[3] According to plaintiff, these rates are below Class Counsel's "standard hourly rates." (Datoo Decl. ¶ 24.) The Court has reviewed the information submitted regarding each Class Counsel member's educational backgrounds and litigation experience, (*see* Datoo Decl. ¶¶ 25-40), and finds that these hourly rates are reasonable. *See Morgenstern v. Cnty. of Nassau*, 2009 WL 5103158, at **8-9 (E.D.N.Y. Dec. 15, 2009).

Plaintiff also seeks an award of costs in the amount of $5,990.49. In their initial written submission, plaintiff failed to provide any supporting documentation that identified the basis for these requested costs. After the Court raised the issue during the fairness hearing, plaintiff submitted appropriate supporting documentation. The Court has reviewed this submission and determined that the request is reasonable. Accordingly, plaintiff's request for costs in the amount of $5,990.49 is granted.

## *CONCLUSION*

For the reasons set forth above, and as discussed at the fairness hearing, the class is hereby certified as a FLSA collective action for settlement purposes and the settlement, including the requested enhancement awards, is approved. Moreover, the Court approves the requested amount of attorneys' fees and costs.

The "Effective Date" of the settlement will be determined consistent with the language set forth in the Settlement Agreement. (*See* Datoo Decl. ¶ 12(b).) Within forty (40) days of the Effective Date, the Claims Administrator shall make the following payments:

(a) Payment of Class Counsel fees in the amount of $279,009.51;

(b) Reimbursement of Class Counsel's costs in the amount of $5,990.49;

(c) Payment of the Claims Administrator's fees;

(d) Payment of an enhancement award of $5,000 to Lauren Summa, and enhancement awards in the amount of $1,000 each to Emily DeGaglia, Dawn Sumner, and Lynn Ann Sumner;

(e) Payment of the remainder of the NSA to those Class Members who have not opted out of the settlement. Such payment shall be made in accordance with the formula set forth in the Settlement Agreement. Class Members shall have sixty (60) days from the date of the issuance of the settlement checks to cash those

settlement checks.  Any settlement checks that are not cashed shall not constitute abandoned funds and shall revert back to defendant.

The parties shall abide by all terms of the Settlement Agreement.  This case is dismissed with prejudice and the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:   Central Islip, New York
         February 22, 2012

                                                        /s
                                            Denis R. Hurley
                                            United States District Judge